## Leander S. Butterfield v. Jacob Seligman.

*Common Counts: Express agreement: Stipulated damages.* Where an agreement reciting the receipt of $600 as payment for certain lands, to be conveyed if defendant could make good title, stipulated to pay $625, in case he could not make good title. *Held*, that the latter sum was in the nature of stipulated damages for the breach of an express agreement, and could not be recovered under the common counts; but the contract must be declared on specially.

*Heard May 1st. Decided May 13th.*

Error to Oakland Circuit.

This suit was brought by defendant in error against Butterfield, to recover the sum of $625 and interest thereon, which sum had been paid by said Seligman to said Butterfield, in pursuance of a special written agreement; and for which Butterfield was to convey an interest in certain lands, but which he failed to perform.

The declaration was upon the common counts, and to which a bill of particulars was annexed, setting forth the said agreement, to wit:

" $600.00                    PONTIAC, February 28, 1865.

Received of Jacob Seligman, six hundred dollars, in payment of one-third of my undivided one-eighth interest in the following described property: One hundred' and sixty acres on Black River, known as the Danfield farm, and one hundred and twenty acres in the town of Lakeport, on Lake Huron. And I agree to give said Jacob Seligman a deed for one-third of my undivided one-eighth (1-8) interest in the above described property, if the title of the the same is found to be good. The above property was contracted for on the 16th day of February, 1865, by J. C. Goodsell, J. D. Millis, Leander S. Butterfield, and five others; and in case a good title can not be had of the above named property, I am to return to J. Seligman six hundred and twenty-five dollars.

L. S. BUTTERFIELD."

On the trial of the cause, the plaintiff testified that he did, on the 28th day of February, 1865, agree to purchase of said defendant, a certain interest in certain lands in St. Clair County, and paid to said defendant the sum of six

hundred and twenty-five dollars, on that day, and took from him a receipt or agreement in writing. The said receipt was then offered in evidence; but the counsel for the defendant objected to the same, on the ground that the evidence was not admissible, under the declaration. The counsel for the plaintiff stated that the plaintiff only sought to recover back the money paid to defendant, and did not seek to claim damages for any breach of the agreement. The court admitted the evidence, subject to objection.

The plaintiff further offered proof tending to show that in July, 1865, and before the commencement of suit, he demanded a deed of the land described in the receipt or agreement; that defendant neglected to give a deed; that he then demanded the money back, and defendant refused to pay it. The plaintiff also offered proof to show that he actually paid six hundred and twenty-five dollars, and the statement of the receipt of six hundred dollars was a mistake. The above evidence was admitted, under objection.

Evidence was then offered by the defendant, tending to show that on the 25th day of July, 1865, the plaintiff demanded of the defendant a deed, and defendant replied that he would furnish one when J. C. Goodsell opened his store, to which the plaintiff agreed. Defendant also offered proof to show that said Goodsell did not open his store until the 26th of July.

The plaintiff offered proof denying any such agreement.

The defendant offered no proof showing that he had title to said land, or that the title of the same had been found to be good, nor did he offer any proof tending to show that a good title could be had of said property.

The cause was submitted to the jury, and the counsel for the defendant asked the court to charge the jury that if they found that the plaintiff, on the 25th of July, 1865, extended the time for the delivery of the deed required by the contract, he had no right of action until the time allowed had elapsed. The court declined so to charge, but

charged and instructed said jury that the contract express-
ing no time for the making and delivery of the deed, the
same must be done within a reasonable time:    That if the
time had elapsed, an agreement to extend the time must
be based upon a sufficient consideration:    That the said
contract being in writing, any extension of the time for the
performance of the same, by parol, would be void by the
statute of frauds:    That no consideration was claimed, or
proven.  To which said several charges made by said court,
the defendant then and there excepted.

The jury, rendered a verdict for the plaintiff.

*A. C. Baldwin*, for plaintiff in error.

The rule is well settled, that if a party wish to recover
upon a written instrument, except a note, he must count
upon it specially.—*4 Conn. 265.*

By the terms of the writing in this case Butterfield was
to pay nothing, except in case a good title could not be
made of the property.

The declaration contained no reference to the writing,
and it was necessary to count specially upon the contract
to entitle him to recover.—*8 Johns. 438; 1 Tyler, 182.*

*M. E. Crofoot*, for defendant in error.

The plaintiff in error contends that Seligman can not
recover said money under said declaration, but that he
must declare specially on said receipt or agreement.

1.   The object of pleading is to apprize the opposite
party of the ground of his claim, so that there can be no mis-
apprehension as to what matters are to be litigated on the
trial; and there certainly could have been no misapprehen-
sion in this case after plaintiff in error received a copy of
the bill of particulars.—*3 Mich. 460.*

2.   Actions of assumpsit on money counts are to be en-
couraged in all cases where the defendant is obliged, by
equity and justice to refund or pay money which he has

received, belonging to the plaintiff.—*3 Mich. 561; 8 Id. 433; 6 Wend. 284.*

3. Money paid under a written agreement which the defendant is unable or unwilling to perform, on his part, may be recovered under the common counts in assumpsit for money had and received, etc.— *Chitty's Pl. and cases cited, 353; Chitty on Cont. 622; 1 Caines, 47; 2 Esp. 639; 1 Starkie, 65; 7 Term, 181; 1 Id. 133.*

In this case the contract had been broken, and ceased to be binding by reason of the laches of said plaintiff in error, and there was then due from Butterfield to Seligman the sum of $625, and the interest from the time the contract was broken.

CAMPBELL J.

Plaintiff below sued upon the common counts, and on the trial was allowed to recover upon proof of a special written agreement, reciting the receipt of $600 as payment for certain lands, which defendant agreed to convey if he could make good title, and if he could not make good title, then he was to return to plaintiff $625.

This was an attempt to recover for the breach of an express contract, and there is no principle which can allow its introduction in evidence for the purpose of recovering what it agrees to pay, and yet permit it to be treated as thrown out of the case after it has served its purpose. If there was any cause of action, it was upon the writing which the parties had seen fit to make the evidence of their contract, and the case does not come within any of the exceptions to the rule requiring such agreements to be declared on specially. The contract was not one where nothing remained to be done except paying the price for some work, or service, or commodity furnished under it. The condition was one sided, and claimed to have been broken, and the sum recoverable was nothing more nor less than stipulated damages.

DETROIT AND MILWAUKEE R. R. CO. *v.* VAN STEINBURG.

The action was improperly brought, and the judgment must be reversed and a new trial granted. The other questions become immaterial as the issue stands.

COOLEY CH. J. and GRAVES J. concurred.

CHRISTIANCY J. did not sit.