# William L. Wetmore and another v. John McDougall.

*Declaration: Special count: Common counts: Inconsistent grounds of recovery.*
Under a declaration, counting specially upon an agreement to sell and assign a chattel mortgage, alleging the payment of part of the purchase price and a tender of the balance, and seeking to recover the amount secured by the mortgage, and containing also the common counts, it is not allowable, after the evidence is all in, and where the entire trial has proceeded upon the theory of recovering upon the special count, to permit the plaintiff to abandon that count, and under the common counts to recover back the consideration paid, on the ground of a rescission of the contract relied upon in the special count; the two positions are inconsistent.

*Contract to purchase chattel mortgage: Disposing of mortgaged property: Recovery of consideration paid: Inconsistent positions.* One who has con-

WETMORE v. McDOUGALL.

tracted to purchase a chattel mortgage and has afterwards consented to the mortgagor's selling a portion of the mortgaged property, and has himself sold portions of it, cannot then turn around and treat the contract as at an end because the remainder of the property was not conveyed to him, and recover back all he had paid on such contract.

*Chattel mortgages: Purchaser: Vendor: Common counts: Evidence.* Such purchaser could not, under such circumstances, recover on the common counts against his vendor, in the absence, at least, of any showing that the latter had actually received or disposed of any part of the mortgaged property.

*Heard June 10. Decided June 18.*

Error to Marquette Circuit.

*Ball & Black,* for plaintiffs in error.

*Adams & Sutherland* and *W. P. Healy,* for defendant in error.

MARSTON, J:

McDougall sued plaintiffs in error, declaring specially, and also upon the common counts. In the special count he alleged that he had entered into an agreement with them by which they were to sell, assign and transfer to him a certain chattel mortgage they then held, and all interest in the property therein described, in consideration of his agreeing to pay them the amount due upon the mortgage, and not exceeding seven hundred dollars; that he paid six hundred and thirty-seven dollars and seventeen cents, and within a reasonable time thereafter offered to pay the balance, and requested a transfer of the mortgage, which was refused, whereby defendants became and were indebted to the plaintiff in the amount secured by the chattel mortgage.

It appeared upon the trial that Peterson, the mortgagor, had, with the consent of McDougall, sold a portion of the mortgaged property, after this agreement was made with the defendants, and that McDougall also had sold some of the property, and paid a part of the proceeds thereof to the defendants, and which was included in the six hundred and thirty-seven dollars and seventeen cents, which he says he paid them. So that at the time this action was commenced

but a small portion of the property remained undisposed of. There was no evidence given tending to show the value of the property described in the mortgage at the time of the alleged agreement with the defendants, or of the property undisposed of at the time of the trial, or when the suit was commenced.

During the entire trial of the cause, the plaintiff's counsel proceeded upon the theory of recovering upon the special count. And it was not until after the evidence was all in that he abandoned this view, and sought to recover upon the common counts. The jury found in favor of the plaintiff, for the full amount paid by him, with interest thereon.

The court charged the jury, that the plaintiff could not recover upon the special count, but under the charge permitted him to recover upon the common counts. We think the plaintiff was not entitled to abandon the special, and seek to recover upon the common counts. The two positions were inconsistent. The right to recover upon the special count proceeded and was upon the theory, that defendants, by refusing to carry out the agreement on their part, in not assigning him their interest in the property, had thereby injured him to the value of the property not received by him in consequence thereof. And this, under the special count, would be the proper measure of damages, provided he was not in default on his part. His right to recover on the common counts proceeded on the theory of a total rescission of the contract, that it no longer remained of any force or effect, and that he was therefore entitled to recover back the amount paid, with interest. In the one case he sought to recover upon the contract: he declared upon, and alleged a breach of it. In the other he treated it as at an end, and as of no force or effect whatever.

This latter, however, he could not do. He could not, after making this agreement with the defendants, consent to the mortgagor's selling a portion of the property, nor could he sell portions of it himself, and then turn around, treat the contract as at an end, because the remainder was

not conveyed to him, and recover back all he had paid defendant, with interest thereon. He could not play fast and loose in this way. Besides, in this case there was no evidence tending to show that defendants had actually received or sold any part of the mortgaged property. We are of opinion therefore that plaintiff was not entitled to recover upon the common counts. That his remedy, if any, was upon a special count to recover damages, as above specified.

As the charge of the court was inconsistent with this view, the judgment of the court below must be reversed, with costs, and a new trial granted.

The other Justices concurred.