STEPHEN HENRY v. HOMER A. QUACKENBUSH, CHARLES FERGUSON AND PETER FERGUSON.

[See 42 Mich. 75.]

*Practice in Supreme Court—Concessions of counsel—Attacking a judgment in replevin in a suit on the forthcoming bond.*

Where the Supreme Court has based its judgment upon the concessions of counsel it is nevertheless not precluded, on another trial, from questioning the legal soundness of these concessions; *it seems*, however, that the parties themselves are not at liberty to dispute the ground of the judgment, but must be governed throughout by the rule first laid down.

*It seems* that when sued on a forthcoming bond the sureties are entitled·
to attack the judgment in replevin by showing that they had a spe-
cial interest in the property (Comp. L. § 6766), as, *e. g.*, that one of
them held a chattel mortgage on it which antedated the levy on
which the suit was grounded.

Error to St. Clair.  Submitted Apr. 19.  Decided June 14..

Replevin.  Defendants bring error.  Judgment set aside.

*W. B. Jackson* for appellants.

*Geer & Williams* for appellee.  A verdict and judgment
in replevin are conclusive as between the parties and the
matters involved cannot again be litigated in a suit on the
replevin bond : Wells Res Judicata § 363 ; *Denny v.
Reynolds* 24 Ind. 248 ; *King v. Ramsay* 13 Ill. 625 ; *Warner·
v. Matthews* 18 Ill. 86 ; *McMurchy v. O'Hair* 67 Ill. 242 ;
*McDaniel v. Fox* 77 Ill. 343 ; *Hayden v. Anderson* 17 Ia.
158 ; *Mason v. Richards* 12 Ia. 73 ; *Jacobson v. Metzgar·
43 Mich. 405 ; Wells on Replevin § 447 ; sureties on an
indemnity bond are in privity with their principal so as to·
be estopped from contesting the latter's liability : *Fay v.
Ames* 44 Barb. 327 ; *Willey v. Paulk* 6 Conn. 74 ; *Heard
v. Lodge* 20 Pick. 53 ; *Shepard v. Pebbles* 38 Wis. 373 ;.
*Dorr v. Clark* 7 Mich. 310 ; *Tracy v. Maloney* 105 Mass.
90 ; *Way v. Lewis* 115 Mass. 26 ; *Cutter v. Evans* id. 27 ;
*Towle v. Towle* 46 N. H. 431 ; *Bein v. Heath* 12 How. 168,
521 ; *Sturgis v. Knapp* 33 Vt. 522.

Cooley, J.  This is an action on a replevin bond, and has
been twice tried.  Quackenbush was plaintiff in the replevin
suit, and Henry set up a special property under an execution
against one Parmlee.  Quackenbush failed in his replevin
suit, and as the property had been delivered to him, Henry
waived return, and took judgment for the amount of his
lien.  He then brought suit on the replevin bond against
Quackenbush and Peter and Charles Ferguson, who were
his sureties.  This is the second trial of that suit.

On the first trial the Fergusons undertook to show that
Henry had never made any valid levy of his writ.  Their

right to make this showing was conceded by the plaintiff, and the case was made in the circuit court to turn upon it. Henry obtained judgment which this court reversed for erroneous rulings in respect to the levy. *Quackenbush v. Henry* 42 Mich. 75. When it went down to trial again the plaintiff changed front and took the position that the judgment in the replevin suit was conclusive of Henry's special property as against Quackenbush and his sureties; and so the circuit court held. The Fergusons undertook to show that one of them held a chattel mortgage on the property which antedated the levy, but they were not permitted to do so, and Henry again had judgment.

We of course are not precluded by our judgment on the former record from questioning in any other case the legal soundness of the concessions then made by counsel; but it does not follow that the party himself, in the same litigation, is at liberty to dispute the grounds of our judgment. There is certainly no more reason for permitting him to do so when his own concessions entered into the judgment, than there would be if it were entered as the result of our independent conclusions. The case is within *Great Western R. Co. v. Hawkins* 18 Mich. 427, 432. Our former decision affirmed the right of the sureties to make this defence; and although we expressly refrained from questioning what counsel conceded, the rule laid down must govern the case throughout.

But speaking for myself only I am of opinion that if the point were undecided, the sureties should be held entitled to make the defence. The statute I think has expressly provided for it. It declares that " In any action, prosecuted on such bond given by the plaintiff in an action of replevin, for the deliverance of any property, the defendants may show, in mitigation of the damages, that the obligee in such bond had only a lien upon, or special property, or part ownership in, said property at the time of commencement of suit in replevin, and that the defendants, or either of them, had at the same time a part ownership or other valuable interest in said property; and if such lien, special property,

part ownership, or other interest of said obligee, with interest thereon, amount to less than the value of the property replevied, a corresponding reduction shall be made from such value." Comp. L. § 6766.

This section seems plain enough and seems expressly intended to protect the sureties against being concluded by a judgment against their principal in a replevin suit, as they would have been before this statute was passed. *Williams v. Vail* 9 Mich. 162. The old rule operated sometimes with great oppressiveness; for a party having an interest but not a present right of possession could not become surety on a replevin bond without putting his interest at the risk of a suit to be managed by another and which might go off on some technicality or because of negligent attention. But a person thus interested is obviously the proper person to become surety, rather than a mere stranger.

It is not questioned that the defence might have been made if the defendant in the replevin suit had taken a return of the property instead of a judgment for damages; but a distinction of this sort rests upon no sound reason. It would be grossly unjust if it should be at one party's mere option to cut off the rights of another by electing as to the form of judgment he would take; and a statute that would permit it would savor so much of making the party a judge in his own cause that its constitutional validity might well be questioned. But this statute makes no such distinction. It expressly provides that "In *any* action prosecuted on such bond given by the plaintiff in replevin for the deliverance of property" the defence may be made. It is impossible to make use of more comprehensive terms.

It is said, however, that this court decided otherwise in *Ryan v. Akeley* 42 Mich. 516. The decision in that case only went to this extent: that in a suit on the replevin bond, given to an officer from whose possession property he had levied upon had been taken, it was not competent to show that the defendant in his writ had no leviable interest as between him and the plaintiff in replevin; that that was a question necessarily involved in the replevin suit and deter-

mined by it.   But the case does not determine that sureties
may not in a suit on the bond set up rights in themselves.
They have no other opportunity to set them up; for the
section of the statute sometimes supposed to reach the case
—Comp. L. § 6754—provides only for the investigation of
the claims of the parties to the record in the replevin suit.

The judgment should be set aside and a new trial ordered.

MARSTON, J. concurred.

CAMPBELL, JJ. concur on the ground first stated.