WILLIAM E. PHIPPEN ET AL. v. AMOS R. MOREHOUSE.

*Assumpsit—Common counts—Contract for timber—Shortage.*

Assumpsit on the common counts, as for money had and received, lies where plaintiff sues for the excess paid under a written contract for timber, where the estimated quantity falls short and the vendor is bound to refund an amount corresponding to the shortage and reckoned according to a fixed basis of calculation. And under the common counts testimony is admissible to show the amount due for shortage.

Where a contract is made for timber on the basis of an estimated quantity, and the quantity falls short, the purchaser is entitled to have a corresponding amount of the purchase price refunded, whether the contract so provides or not. And in an action on the common counts therefor, the contract is admissible in evidence to show defendant's receipt of the money and explain his possession of it, and to prove the extent of plaintiff's claim.

---

An action on the common counts will not lie where proof of the breach
of a contract is necessary to recovery.

The admission of evidence cannot be objected to in the Supreme Court
where no specific objection was made to it when it was received,
especially if it does not appear that its introduction affected the
result.

Error to Mecosta. (Fuller, J.) April 25.—June 6

Assumpsit. Defendant brings error. Affirmed.

*Frank Dumon* for appellant.

*J. H. Palmer* and *Michael Brown* for appellee. When a
party has fully performed his part of a written contract,
and nothing remains to be done but for the other party to
pay the money due therefor and thereunder, by the terms
thereof, a recovery may be had under the common counts,
and the plaintiff, under such counts, may make any proof
showing his right to recover: *Beardslee v. Horton* 3
Mich. 563; *Moore v. Mandlebaum* 8 Mich. 448; *Butter-
field v. Seligman* 17 Mich. 98; *Blackwood v. Brown*
34 Mich. 4; *McGoren v. Avery* 37 Mich. 120; *Freehling
v. Ketchum* 39 Mich. 299; *Smith v. Kelly* 43 Mich. 390;
*Belden v. Perkins* 78 Ill. 449; *Underhill v. Gaff* 48 Ill.
198; *Fowler v. Deakman* 84 Ill. 130; *Wells v. American
Express Co.* 49 Wis. 224, 230; 4 Wait's Actions 469, 483;
Chitty Pl. (16th Am. ed.) 461; Chitty on Cont. (11th Am.
ed.) 921.

Sherwood, J. Plaintiffs by written contract purchased
of defendant, for the sum of fifteen hundred dollars, all the
pine trees and timber standing and growing on 160 acres of
land in Mecosta county, which would make sound and mer-
chantable saw logs, same to be selected from sound thrifty
pine, free from butt shakes and ring rots, and to scale, by
Doyle's standard scale, not less than 12 inches in diameter
at the small end, deductions to be made on crooked logs
sufficient to make them straight. The estimated amount of
logs on the lot was 465,000 feet. Plaintiffs were to cut all
the pine on the lot suitable for the logs and remove the

same on or before January 1st, 1881. If the lot failed to furnish the estimated quantity it was further agreed that what it did not contain should be estimated at $3.25 per thousand feet and the difference between that and the $1500 paid should be returned to the plaintiffs. The plaintiffs claimed a deficiency of over $600, and in an action of assumpsit under the common counts and bill of particulars, plaintiffs received judgment at the circuit for $532.79, and defendant now brings error.

It is substantially agreed by counsel on both sides that the principal question presented for our consideration is: Was the plaintiffs' case properly made under the common counts?

We think it was. By a careful inspection and analysis of the contract it sufficiently appears from its terms that the amount of money paid for the property which fell short of the estimate, was only money had and received by the defendant to the plaintiffs' use and was to be returned to them when the amount of shortage, if any, should be ascertained. The contract was fully performed. The amount for shortage was then due plaintiffs, and any testimony showing that amount was proper. *Beardslee v. Horton* 3 Mich. 563; *Moore v. Mandlebaum* 8 Mich. 448; *Blackwood v. Brown* 34 Mich. 4; *McGoren v. Avery* 37 Mich. 120.

That the lot failed to yield the amount of logs anticipated did not constitute a breach of the contract; no certain amount was promised; it only showed the parties' inability to correctly estimate the amount in the standing tree.

The promise contained in the contract to return the money for the deficiency was wholly unnecessary to entitle the plaintiff to have it. It was no more than the law implies under the common counts upon the facts stated in the contract.

The contract was competent testimony to show the defendant's receipt of the money, and as tending to prove the extent of the plaintiffs' claim to money in the hands of the defendant and explanatory of defendant's possession of the same.

It is sought by counsel for the defendant to liken this

case to that of *Butterfield v. Seligman* 17 Mich. 95; but by a careful perusal of the contracts in the two cases we think the difference becomes quite apparent. In that case the contract was to convey by good title, and in order to recover, though the damages were stipulated, it was necessary to show the contract and the breach because it was from these two things the plaintiffs' claim arose. This could not be done under the common counts.

In this case it is different. It is expressly agreed in the contract that of the money received by the defendant only so much as was necessary to pay for the logs at $3.25 per thousand feet should be regarded as consideration, and until this amount was ascertained the defendant was a simple custodian of the plaintiffs for the excess, and when it was ascertained it was their money in defendant's hands. It is for this excess the plaintiffs bring this suit under the common counts. We think the suit well brought, and the recovery had is not in conflict with the previous decisions of this Court.

The charge of the circuit judge was substantially correct, and the views we have expressed on the main question presented disposes of all the objections to the rulings on the admissibility of testimony except that relating to the Lindermuth contract. We do not think that was properly admissible, but no specific objection seems to have been taken to it when it was received, and it is now too late to raise any question upon its admission; but had exception been seasonably taken we do not think its contents would have influenced the result in view of the special finding of the jury.

The judgment must be affirmed with costs.

The other Justices concurred.