JAY BASSETT, SPECIAL ADMR. v. NOAH SHEPARDSON.

*Waiver—Estoppel by acquiescence.*

1. The appointment of an administrator upon a woman's estate is *held* to have been acquiesced in by her husband if in a litigation with the administrator he raises no objection to the latter's authority, when the disposition of such an objection would dispose of the case. And no objection so waived can be afterward raised upon a new trial.

2. Dilatory pleas rest on the idea that questions to which they apply should be disposed of early in order to save the expense and delay of a needless trial on the general merits.

Error to Wayne. (Jennison, J.) June 18.—June 19.

REPLEVIN. Plaintiff brings error. Reversed.

*Wilkinson & Post* for appellant.

*Atkinson & Atkinson* for appellee.

CAMPBELL, J. Plaintiff was appointed special administrator of the estate of Olive N. Shepardson, on an ex parte application on behalf of the sole heir-at-law and sole distributee, except defendant, who, as husband, was equally entitled. This application was made without notice to defendant, who had, three days previous, commenced proceedings in the same probate court of Wayne county for the probate of a will of the decedent.

Plaintiff brought replevin for a pair of horses claimed to have belonged to the deceased, the suit being brought very soon after his appointment. This suit proceeded to trial in the usual way, and judgment passed for the defendant, and was brought into this Court on error and exceptions.

Here it was reversed, and a new trial was ordered for errors on the first trial. The case is reported in 52 Mich. 3.

On the new trial defendant offered and was allowed to attack the appointment of plaintiff as special administrator as void for want of jurisdiction. This defense prevailed, and defendant obtained judgment in his favor, which is now brought to this Court for review.

The first objection made here is that defendant had lost his right, if any existed, to attack the appointment. This objection is well founded. It cannot be doubted that if defendant had acquiesced in the appointment knowingly, when made, it would have been valid, because no one but parties interested could attack it. It appears by the records of this case, as brought up on the former hearing, that the first trial proceeded on questions of title entirely independent of plaintiff's special interest. The objections to that appointment would, if sustainable, have been a complete defense then as now. They were such as were peculiarly within defendant's knowledge, and he could not have been ignorant of them. The records were within the same county, and at the place of trial. The objections, as already stated, were such as he could waive, and if waived, left the appointment good. He saw fit to go to trial below, and to have the case disposed of in this Court on other grounds, when, if right in his assumption, the presentation of this defense would have ended the controversy forever, as between these parties.

We have held several times that parties in this Court who have failed to raise questions necessarily involved in the suit, and which cover the whole of it, either on the original trial, or in this Court on review on former hearing, should not be permitted to present them afterwards, and thus vexatiously prolong litigation. *Great Western R. Co. v. Hawkins* 18 Mich. 427. This rule will not be made so rigid as to create injustice. But in such cases as the present, where the objection is to a title which defendant could in any event make good by acquiescence, and which, after encouraging plaintiff to act upon, he would be estopped from denying, the reasons for enforcing it are very strong, and it would be unjust to

disregard it.   By defending on grounds which practically admitted plaintiff's standing, and by involving expenses below and in this Court upon the recognition of its sufficiency, we think defendant has estopped himself from disputing it. There are many cases at law where such a title should be objected to by plea in abatement, if at all, and dilatory pleas are based on the idea that such questions should be disposed of early, in order to save the expense and delay of a needless trial on the general merits.   The question of pleading in cases like the present need not be discussed now, because there can be no doubt, on our previous rulings, that the plaintiff's official authority has been put out of the controversy by acquiescence.

For the same reason it would be improper to discuss the subject in its legal aspects.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.