FLINT & PERE MARQUETTE RAILROAD CO. *v.* WAYNE CIRCUIT JUDGE.

1. ASSUMPSIT—COMMON COUNTS.
   Money due upon a contract that has been fully performed is recoverable under the common counts; but the breach of a special contract cannot be shown in such action.

2. SAME—AMENDMENT—STATUTE OF LIMITATIONS.
   A common-count declaration may be amended by the insertion of special counts setting up a cause of action against which the statute of limitations has run, where proof of such cause of action could have been given under the original declaration; but not otherwise.

3. MANDAMUS—WHEN LIES.
   A writ of *mandamus* will not issue to vacate an order of the circuit court where the relator is only entitled to a modification of the order.

*Mandamus* by the Flint & Pere Marquette Railroad Company to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order permitting the

filing of an amended declaration.  Submitted December 3, 1895.  Denied December 30, 1895.

*Henry M. Campbell*, for relator.

*Dickinson, Thurber & Stevenson*, for respondent.

HOOKER, J.  The firm of Moore & Moore, as plaintiffs, commenced action against relator, filing a declaration upon the common counts.  Subsequently, and after the expiration of the period of the statute of limitations, they filed, by leave of court, an amended declaration, consisting of four special counts and the common counts.  Two of these special counts alleged the making by plaintiffs, and submission to defendant, of certain plans for a union depot; a promise by defendant, if it should accept and use them, to pay a price named; and the subsequent acceptance and use, and refusal to pay.  The other two alleged the submission of said plans to defendant; its agreement, if they should be accepted, to employ plaintiffs in securing the property for said depot and the necessary tracks, for a price named; the subsequent acceptance, and refusal to employ plaintiffs; and a claim for damages for the breach of said agreement.

The two counts last mentioned do not cover causes of action that could be proved under the common counts, being for breach of special contract.  The other two counts state causes of action which apparently might be so proved, inasmuch as the contract is alleged to have been fully performed, and nothing remained but the payment of the contract price in money.  *Phippen* v. *Morehouse*, 50 Mich. 537; *Thomas* v. *Caulkett*, 57 Mich. 392; *Shaw* v. *Bradley*, 59 Mich. 199; *Bush* v. *Brooks*, 70 Mich. 446.  Hence the last two counts mentioned introduced a new cause of action.  The others did not.  It was therefore within the discretion of the circuit court to permit the filing of the first two, but not the last two counts mentioned herein.

108 MICH.—6.

The writ should not issue, inasmuch as the relator is not entitled to the order asked, viz., that the order of the circuit court be vacated; but we have no doubt that the circuit court, upon a proper application, will make the order to which the relator is entitled. Neither party will be allowed costs.

The other Justices concurred.