JOHNSON v. IRONSIDE.

1. JOINT ADVENTURES—PARTNERSHIP—TRUSTS—COMPENSATION FOR SPECIAL SERVICES—IMPLIED CONTRACT.

Under common law, persons engaged in joint adventure relating to single transaction were regarded as partners, and, as general rule, were held not entitled to compensation for services rendered beyond share of profits received, with the exception that, in case one partner performed unusual services in behalf of partners at their request, law implied agreement to compensate him therefor.

2. TRUSTS—ACCOUNTING—ALLOWANCE FOR TRUSTEES' SERVICES—DISCRETION OF COURT.

In suit for accounting by trustees, where question of compensation for their services is not regulated by statute or otherwise, equity court should exercise just discretion and make or withhold allowance as particular circumstances require.

3. SAME—ESTOPPEL.

Where certain persons, engaged with others in joint adventure, acted as trustees, giving much of their time and performing valuable services for the others as well as themselves, equity court was warranted in holding them entitled to compensa-

tion therefor, in suit against them for accounting; and that they were mistaken as to their personal rights, as against the others, would not bar their right to compensation.

4. SAME—DISCRETION OF COURT.

Allowance of compensation for services to certain joint adventurers acting as trustees for all, *held*, within discretion of trial court, and not to be interfered with, on appeal, in absence of showing abuse of discretion.

Appeal from Barry; Hawley (Royal A.), J., presiding. Submitted January 14, 1931. (Docket No. 141, Calendar No. 35,465.) Decided February 27, 1931.

Bill by Aben E. Johnson and others against Gordon Ironside and others for an accounting of profits. Petitions after decree by defendants and Kim Sigler for compensation for services. From an order granting relief prayed, plaintiffs and defendants Cook, Ironside, and Stebbins appeal. Affirmed.

*Travis, Merrick, Johnson & McCobb,* for plaintiffs.

*Kim Sigler,* for defendants.

SHARPE, J. After decree in this court affirming that rendered in the circuit court (249 Mich. 35), application was made to the trial court for an allowance to William R. Cook, Gordon Ironside, Fred Stebbins, and Andrew Dooley for services and expenses rendered the syndicate, and for an allowance to Mr. Sigler for services as their attorney.

After a hearing at which the plaintiffs were represented by counsel and proof in the form of affidavits submitted, the trial court awarded to Cook and Ironside, who were the so-called trustees of the syndicate, the sum of $4,000; to Mr. Stebbins the sum of $500; to Mr. Dooley $300; and to Mr. Sigler the sum

of $1,000. From this order both the plaintiffs and the applicants Cook, Ironside, and Stebbins appeal. The allowance to Mr. Sigler does not seem to be contested.

This order was made by Judge Hawley, who tried the case and who was familiar with the proofs then submitted and the nature and amount of the services rendered by the applicants. It is attacked by the plaintiffs for three reasons:

(1) That the services were rendered in a joint enterprise, without contract or specific promise of remuneration.

(2) That the applicants, as found by this court, were unfaithful to their trust and forfeited any right to compensation.

(3) That the awards are excessive.

1. Under the common law, persons engaged in a joint adventure relating to a single transaction were regarded as partners, and, as a general rule, were held not entitled to compensation for services rendered beyond a share of the profits received.

In 33 C. J. p. 860, it is said:

"Unless the contract so provides, no member of a joint adventure is entitled to any compensation for services rendered by him toward the common enterprise, and the fact that one of them is appointed the manager thereof does not change the rule."

But exceptions to this rule as to partners were made in cases where one partner performs unusual services in behalf of the partnership at the request of the others, and in such cases the law will imply an agreement to compensate him therefor.

In *Arthur* v. *McCallum,* 195 Mich. 618, 622, it was said:

"In the absence of agreement, one partner cannot collect pay for services performed for the copartner-

ship; each partner is presumed to devote his time, skill, and endeavor to the partnership business and this without compensation, other than his share of the profits. But it does not follow that the court is precluded from taking into consideration all the surrounding facts and circumstances of the case, the course of dealing between the partners, the reasonableness or unreasonableness of the claim made, the probabilities arising out of the conduct of the business, in determining whether such agreement exists."

The relationship of the parties to this joint adventure was quite fully stated in our former opinion. It was there said that, although Cook and Ironside "were not named as trustees nor their powers stated, but they confessedly held as trustees and afterwards acted as such, with power to sell." As to the compensation to which trustees are entitled, this court said in *Henderson* v. *Sherman,* 47 Mich. 267, 276:

"The accepted rule in this country, however, is, in case the matter is not otherwise regulated by statute, for courts of equity to exercise a just discretion and make or withhold allowance as they consider the particular circumstances require."

This relationship continued from October, 1925, until November, 1927, when the moneys in question in this suit were received by Cook. It clearly appears that these men gave much of their time and performed valuable service for the others interested in the joint adventure as well as themselves, and in our opinion the trial court was warranted in holding that they are entitled to compensation therefor.

As to the awards to Stebbins and Dooley, the trial court in its decree found that the Lois Hobbs and Marian Hinkle permits, taken in the name of Steb-

bins and Dooley, were held by them as "constructive trustees although the word trustees was not added after the name of either Andrew Dooley or Fred Stebbins." In our opinion they were entitled to a reasonable allowance for the services rendered as such.

2. It is urged that "the defendants have forfeited any right to compensation by reason of their infidelity to the syndicate."

In the opinion filed by the trial court before decree, when referring to the acts of the defendants, he said:

"I think that they make this claim in all sincerity and in entire good faith, but in my judgment mistakenly. They neither actually consummated such purchase, nor did they have the right to do so for their own benefit without first communicating full information concerning such permits to each and all the other members of the Cook-Ironside syndicate and obtaining the consent to such purchase from each and all the members thereof. This they failed to do."

While this court held that in what they did they "violated a trust to plaintiffs which renders them accountable to the latter for profits," and that they "therefore, took subject to the right of the others to participate in all the benefits of the transaction," their liability was said to rest upon the ground of a breach of legal duty. This court was not required to find, nor did it find, that these defendants acted in bad faith or committed an intentional fraud upon the plaintiffs.

The good faith in which they made their claim is further illustrated by the fact that several months before this suit was begun, but after they had received the moneys in controversy, they caused their

attorney to write to the plaintiffs, saying that rumors had come to him that the plaintiffs claimed to have an interest therein; that it was "the desire of those having this matter in charge to be absolutely fair" in the matter, and that the moneys received had been deposited in the bank in the name of Mr. Cook as trustee and would remain there for some time.

The service they rendered inured to the benefit of the syndicate, and we do not think that their mistaken conception of their personal rights in the proceeds as against those of the plaintiffs should act as a bar to the allowance of compensation therefor.

3. Were the sums awarded unreasonable? No contention is made that the allowances to Stebbins and Dooley and attorney Sigler are unreasonable. Defendants insist that all of the allowances made, except that to Mr. Sigler, are inadequate. In Re Shailer Estate, 172 Mich. 600, 611, wherein a similar question was considered, this court said:

"In any event, the allowance of a claim to compensation by a trustee is a discretionary matter, and we have no disposition to disagree with the finding of the learned circuit judge upon this point."

The trial court was familiar with the facts as disclosed in the record. Upon the hearing of the motion he stated as to the claims of Cook and Ironside "that nothing more definite is necessary." After a careful consideration of the claims of both parties in this respect, we are unwilling to interfere with the discretion exercised by him in fixing such amounts.

The order appealed from is affirmed, but without costs to either party.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, NORTH, and FEAD, JJ., concurred. POTTER, J., did not sit.