## MITCHELL *v.* REOLDS FARMS CO.

1. TRIAL—EVIDENCE—ESTABLISHING CAUSE OF ACTION.
    Trial court was in error in rejecting testimony tending to establish plaintiff's cause of action under common counts in declaration, although plaintiff's counsel, in opening statement, based claim on different theory.

2. APPEAL AND ERROR—DIRECTED VERDICT.
    Where error was assigned on direction of verdict for defendant, and erroneous ruling of trial court prevented introduction of evidence tending to support plaintiff's cause of action under his declaration, judgment is set aside, on review, although it does not appear that plaintiff's right to recover in said respect was urged before the trial court.

Error to Ingham; Carr (Leland W.), J. Submitted January 16, 1931. (Docket No. 46, Calendar No. 35,386.) Decided October 5, 1931.

Assumpsit by Edward H. Mitchell against Reolds Farms Company, a Michigan corporation, under a construction contract and the common counts. Directed verdict and judgment for defendant. Reversed, and new trial ordered.

*Shields, Silsbee, Ballard & Jennings,* for plaintiff.

*Kelley, Sessions & Warner,* for defendant.

SHARPE, J. On March 21, 1918, the parties hereto entered into a written agreement wherein the plaintiff, then a resident of Oldsmar, Florida, agreed to construct a number of dwelling houses on lots owned by the defendant in Oldsmar; the defendant to pay for the materials and labor therefor, except the labor of the plaintiff. We quote from the contract:

"It is further mutually agreed that when and as the houses are each completed the said Edward H. Mitchell is to make up a statement of the actual cost of each house and for this purpose shall have the assistance of the accounting department, including the price of the lot, and after consultation with Mr. William E. Bolles, superintendent of the sales department of the company, shall fix the selling price.

"After the selling price is fixed as aforesaid, the said Mitchell is to sell said house or houses personally or through any agent or agents that he may select and on a basis of not less than 25 per cent. cash and the balance in equal monthly payments so that the total purchase price shall be paid in full within ten years from the date of said sale. *   *   *

"When any house is sold and paid for or the first payment made as provided aforesaid, the profits derived from the sale of said house shall be divided equally between the said Edward H. Mitchell and the said Reolds Farms Company, and the Reolds Farms Company shall pay to the said Edward H. Mitchell his share of the said profits and it shall then receive the balance of the purchase money and shall own the land contract, if any.

· "The commissions paid to agents shall not exceed 5 per cent. and if the said Edward H. Mitchell sells the property or if the said Reolds Farms Company sells the property no commission shall be allowed to either."

It is conceded that 15 houses were built by plaintiff under the terms of the contract during the year 1919. But four of them were sold. Plaintiff received his share of the profits on such sales. The others were rented, and, under an arrangement between the parties, plaintiff was to receive $100 on each small house rented and $200 on the larger ones and the balance of his share of the profits when the houses were sold "unless otherwise adjusted." Under this arrangement he received $2,100.

On January 2, 1923, the defendant exchanged the 11 houses unsold and considerable other property owned by it in that vicinity and elsewhere for an equity in certain property in Kansas City. No sales price was considered in this deal, although Mr. Ecker, the treasurer of the defendant, testified that the value of the Florida property exchanged was afterwards placed upon the books of the defendant company at $750,000 and that turned in from the home office in Lansing at $375,000. The plaintiff was not consulted in making this exchange. Mr. Ecker testified that he never thought about plaintiff's contracts with respect to the houses and lots.

Plaintiff, in his declaration, set forth, in substance, the contract above referred to, and annexed thereto a copy thereof, and averred performance. The common counts were added.

Counsel for the plaintiff was unfortunate in his opening statement in making claim that the profit to which plaintiff was entitled was one-half of "the

difference between the cost of building the houses and the reasonable worth of those houses on January 1, 1923.'' At the conclusion thereof, defendant's counsel moved for a directed verdict ''because under the theory of the declaration'' such damages could not be proven. In the discussion which followed it was apparent that the court agreed with counsel for the defendant, and counsel for the plaintiff corrected such statement by making claim for the profit to which plaintiff was entitled, based on the sale price of the houses as made by the defendant.

At the conclusion of the plaintiff's proofs, the trial court, on motion of defendant's counsel, directed a verdict in favor of the defendant. Plaintiff here seeks review of the judgment entered thereon by writ of error.

When the plaintiff was being examined as a witness by his counsel, he was asked: ''Did you and Mr. Bolles fix the selling price of those houses?'' On objection, his answer was restricted to the four houses which had been sold. In this we think the court was in error. When the selling price was fixed, it became the duty of the plaintiff under the contract to make sale of the houses. But the defendant also had the right to sell any or all of them. Either party might make such sale without consulting the other and without breaching the contract. But neither could so sell at less than the fixed price without obtaining the consent of the other. It is conceded that the defendant did dispose of the houses without the knowledge or consent of the plaintiff, thereby waiving performance on his part, and, when it did so, whether by direct sale or in exchange for other property, it must be assumed that it received in value, at least, the price agreed

upon at which such sale should be had. To place any other construction upon the terms of the contract would, in effect, permit the defendant to profit by its own violation thereof. Had the plaintiff been permitted to answer the question, and had it appeared that the selling price was so fixed and that defendant made sale of the houses, the plaintiff would have established a cause of action under the common counts.

It does not appear that plaintiff's right to recover in the respect stated was urged before the trial court. But, as error is assigned upon the direction of the verdict, and the ruling of the court prevented the introduction of evidence tending to sustain plaintiff's cause of action under the declaration, the verdict and judgment must be set aside, with costs, and a new trial ordered.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.