MITCHELL v. REOLDS FARMS CO.

JUDGMENT—LAW OF CASE—EVIDENCE.

Decision of Supreme Court, on former trial, became law of case on retrial, so far as issues remained same, but where plaintiff's evidence making his case presented different facts and issues, defendant's evidence, offered to meet said issues, should have been received.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted November 4, 1932. (Docket No. 208, Calendar No. 36,856.) Decided March 1, 1933.

Assumpsit by Edward H. Mitchell against Reolds Farms Company, a Michigan corporation, under a construction contract and the common counts. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial ordered.

*Shields, Silsbee, Ballard & Jennings* (*David R. Bishop,* of counsel), for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant.

BUTZEL, J. The facts in the present case are more fully set forth in *Mitchell* v. *Reolds Farms Co.,* 255 Mich. 240, to which reference is made. Plaintiff furnished superintendence and his own labor, while defendant paid for the labor of others and materials selected by the plaintiff in the erection of 15 houses at Oldsmar, Florida. The selling price of each house and lot was fixed by the parties by adding a definite profit to the agreed value of each lot plus the sums expended by defendant for materials and the labor of others. As sales were made, one-half

As to conclusiveness of prior decisions on subsequent appeals, see annotation in 34 L. R. A. 321, 332.

of the profit was to be paid to plaintiff out of the first payments, in return for his labor and superintendence. Plaintiff was to sell the houses himself or through an agent, but defendant also retained the right to sell. Four houses were sold during 1919. Eleven others remained unsold during the following three years.

On January 2, 1925, defendant, without in any manner consulting plaintiff, exchanged the 11 unsold houses, together with a large amount of other property it owned, for an equity in a large hotel in Kansas City, Missouri. There was no fixed price at which the properties were traded, but after defendant took title to the Kansas City hotel property, the cost was figured at $750,000 on defendant's books. This was arrived at by taking the cost of all of the property defendant had traded in. Whether the Kansas City property will be sold for more or less is a matter of speculation in which plaintiff has no interest.

In the former opinion, 255 Mich. 240, Mr. Justice SHARPE, on behalf of the court, stated as follows:

"When the selling price was fixed, it became the duty of the plaintiff under the contract to make sale of the houses. But the defendant also had the right to sell any or all of them. Either party might make such sale without consulting the other and without breaching the contract. But neither could so sell at less than the fixed price without obtaining the consent of the other. It is conceded that the defendant did dispose of the houses without the knowledge or consent of the plaintiff, thereby waiving performance on his part, and, when it did so, whether by direct sale or in exchange for other property, it must be assumed that it received in value, at least, the price agreed upon at which such sale should be had. To place any other construction upon the terms of the contract would, in effect, per-

mit the defendant to profit by its own violation thereof.''

This became the law of the case, as then presented. The sole question presented in the former case was whether plaintiff was properly denied the right to give testimony to establish his cause of action under the common counts of the declaration. On the second trial, the court followed the law of the case as set forth in our opinion, in permitting the introduction of the testimony excluded at the former trial. After plaintiff had made out his case, however, the defendant was denied the right to introduce proof tending to show that the houses had not been sold after unsuccessful efforts to sell them over a period of more than three years; that real estate values had shrunken; that the houses had depreciated in value; and that plaintiff had suffered no damage. The trial judge held the statements hereinbefore quoted from this court's opinion to be the law of the case with regard to the measure of damages, and that the evidence offered by defendant could have no bearing upon the recovery.

The evidence offered would have presented different facts' and issues from those previously passed upon. Our previous opinion in this case was based solely upon the record as then constituted. It is not binding when the record of the second trial contains evidence of additional facts relating thereto upon which the record of the first trial is silent. *White* v. *Campbell,* 25 Mich. 463. The testimony should have been admitted.

The judgment in favor of plaintiff is reversed, with costs, and a new trial ordered.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. FEAD, J., did not sit.