MITCHELL v. REOLDS FARMS CO.

1. ASSUMPSIT—COMMON COUNTS.
   Recovery may not be had under the common counts in assumpsit for breach of a written contract between the parties, nor for preventing plaintiff from carrying out such contract.

2. SAME—COMMON COUNTS—JOINT ADVENTURES.
   Plaintiff may recover under the common counts from defendant corporation for his share of proceeds of sale of product of their joint enterprise, to which he was entitled under written contract, where he had fully performed on his part, defendant had sold the product of the enterprise and converted the entire proceeds to its own use and nothing remained to be done except to pay plaintiff his share.

3. JOINT ADVENTURES—CONVERSION—ASSUMPSIT.

> One joint adventurer may recover damages in assumpsit from a coadventurer who converts joint property to its own use on an implied promise, where the amount of plaintiff's claim is capable of ascertainment by a jury.

4. SAME—QUESTION FOR JURY—PROCEEDS OF ENTERPRISE.

> In action by one claiming share of proceeds of joint adventure, verdict could not be directed for defendant where there was testimony it had money or property in its hands as a result of the sale or trade of the product of the enterprise.

5. EVIDENCE—ADMISSIONS—SUBSEQUENT TRIAL.

> Generally, where an admission is made on one trial, the admitting party, on a subsequent trial, is estopped from taking a position inconsistent with that taken on the former trial.

6. SAME.

> Judicial admissions made on one trial in order to be binding upon a subsequent trial must have been intelligently and deliberately, and not inadvertently, made as a fact and not merely to expedite the particular proceeding.

7. SAME.

> Admission made upon one trial that proceeds of sale of four houses had been settled for, discovered on second trial to have been inadvertently made, *held*, not conclusive.

8. DAMAGES—MEASURE OF DAMAGES—INSTRUCTIONS.

> Charge of court in action by one joint adventurer against coadventurer for conversion of joint property that it was to be sold at price agreed upon in so far as one had been agreed to, or, otherwise, at fair market value and recovery was to be based upon agreed value or fair market value *held*, proper as against contention that recovery should be based upon depreciated selling price at which properties were sold by defendant, if any profit were then shown.

9. INTEREST—AVERMENT—PROOF.

> Interest according to the law of another State may not be recovered in an action brought in this State unless such law is specially averred and proved.

10. EVIDENCE—CONSTITUTION AND STATUTES OF OTHER STATES—JUDICIAL NOTICE.

> Printed copies of the Constitution and statutes of any other State of the United States published under the authority of that State or commonly used as evidence in its courts may be

admitted in all courts of this State as *prima facie* evidence thereof or the court may take judicial notice of such statute (3 Comp. Laws 1929, § 14179).

11. SAME—COMMON LAW OF OTHER STATES—JUDICIAL NOTICE.
    The common law of any other State of the United States may be proved as a fact by parol evidence and the books of reports of cases adjudged in their courts may be admitted as evidence or the court may take judicial notice of such law (3 Comp. Laws 1929, § 14181).

12. SAME—FLORIDA STATUTES—INTEREST.
    Proof of Florida statutes permitting recovery of interest at eight per cent. *held,* introduced in proper manner in action brought in this State on a contract made, performed and concerning property in Florida (3 Comp. Laws 1929, § 14179).

13. INTEREST—STATUTES—IMPLIED PROMISE.
    The manner of recovery of interest is governed by statute as no implied promise is raised to pay it.

14. SAME—DAMAGES—LEX FORI.
    Interest by way of damage for improper detention of money is a matter of remedy and the rate is governed by the *lex fori.*

15. EVIDENCE—PROSPECTUS—WITNESSES.
    In action between members of a joint adventure in the development and sale of a real estate subdivision the receipt of a prospectus in evidence and examination of witnesses with respect thereto *held,* without error.

16. TRIAL—ARGUMENT OF COUNSEL—JOINT ADVENTURE.
    Argument of plaintiff's counsel in action between members of joint adventure for conversion of joint property *held,* fairly within range of testimony.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 19, 1934. (Docket No. 78, Calendar No. 37,886.) Decided September 18, 1934.

Assumpsit by Edward H. Mitchell against Reolds Farms Company, a Michigan corporation, under a construction contract and the common counts. Verdict and judgment for plaintiff. Defendant appeals.

Reversed and remanded for modified judgment for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant.

Potter, J. The facts in this case were sufficiently reported when it was here in 255 Mich. 240 and 261 Mich. 615. Plaintiff's declaration consists of two counts, one upon written contracts annexed thereto and the other upon the common counts in assumpsit. When the case was here in 255 Mich. 240 it was reversed. The sole question presented was whether plaintiff was properly denied the right to give testimony to establish his cause of action under the common counts of the declaration. *Mitchell* v. *Reolds Farms Co.,* 261 Mich. 615. When the case was last here it was reversed because defendant was denied the right to introduce proof tending to show the houses had not been sold after unsuccessful efforts to sell them over a period of more than three years; real estate values had shrunken, the houses had depreciated in value and plaintiff had suffered no damages.

Plaintiff recovered judgment for $5,794.94. Defendant appeals, claiming the court erred in refusing to grant defendant's motion for judgment notwithstanding the verdict and, in the alternative, in refusing to grant defendant's motion for a new trial; the verdict was excessive and against the great weight of the evidence; the court erred in refusing defendant's request to charge regarding the measure of damages, and failed to properly instruct the jury respecting the damages and measure thereof; in receiving in evidence the statutes of Florida showing the rate of interest in that State; in allowing de-

fendant to be examined as to the volume of its business, and in permitting plaintiff's exhibit 1 to be received in evidence, and the arguments of counsel for plaintiff were so prejudicial and unfair as to constitute reversible error.

(1) Recovery could not be had under the common counts in assumpsit for breach of the written contract between the parties. *Butterfield* v. *Seligman,* 17 Mich. 95; *Phippen* v. *Morehouse,* 50 Mich. 537. Nor could recovery be had, under the common counts, of damages for preventing plaintiff from carrying out the contract. *Hamilton* v. *Frothingham,* 59 Mich. 253, in effect overruled in *Mooney* v. *York Iron Co.,* 82 Mich. 263. The only tenable theory of recovery under the common counts is that the parties engaged in a joint enterprise, and after plaintiff had fully performed the contract on his part, and built the houses in question, defendant in pursuance of the contract sold the same and converted them, and the proceeds arising from the sale thereof to its own use and benefit to the exclusion of plaintiff, and has not accounted for or paid over to plaintiff the part of the proceeds of such sale to which, under the written contracts, he was entitled, and nothing remaining to be done but to pay to plaintiff his share of the proceeds of such sale, recovery may be had on the common counts. *Begole* v. *McKenzie,* 26 Mich. 470; *Flint & Pere Marquette R. Co.* v. *Wayne Circuit Judge,* 108 Mich. 80.

(2) It is contended the parties engaged in a joint enterprise, are to be regarded as partners, and consequently plaintiff may not maintain this action against defendant. *Keiswetter* v. *Rubenstein,* 235 Mich. 36 (48 A. L. R. 1049); *Johnson* v. *Ironside,* 253 Mich. 428; *Frank* v. *American Trust Co.,* 259 Mich. 394; *Carson* v. *Exchange Trust Co.,* 127 Okla. 55 (259 Pac. 857); but, in *McCreery* v. *Green,* 38

Mich. 172, it was held that, in a proper case, one joint adventurer could recover damages in assumpsit against another coadventurer, and a similar rule was followed in *Wallace* v. *H. W. Noble & Co.,* 203 Mich. 58. The general rule sustained by many authorities is thus stated in 33 C. J. p. 866:

"A member of a joint adventure who has been injured by a breach of contract by his associate, or by the latter's conversion to his own use of the joint property or some part of it, * * * may, in a case where the amount of plaintiff's claim is capable of ascertainment and computation by a jury, bring an action at law to redress his grievance, and may in such action recover the damages which he has suffered from the injury alleged."

(3) There could be no recovery until defendant sold the property and converted it, or the proceeds thereof, to its own use and benefit; but, upon the sale and conversion of the property in which the parties were mutually interested, by defendant, the law implies a promise by defendant to account and pay over to its associate or coadventurer the share of the proceeds of the venture to which he was entitled. 33 C. J. p. 866.

(4) There was testimony which warranted a finding defendant had money or property in its hands as a result of the sale or trade of the houses in question. A verdict could not have been properly directed for defendant.

(5) It is claimed plaintiff may not recover the proceeds of the four houses disposed of in November, 1919, for the reason it was admitted on the former trial these houses had been settled for and such admission is binding here.

"Where an admission is made on one trial, the admitting party, on a second trial, is estopped from

taking a position inconsistent with that taken on the first trial. *Connor* v. *Railway Co.,* 168 Mich. 29; *Johnston* v. *Cornelius,* 200 Mich. 209 (L. R. A. 1918D, 880); *Harrington* v. *Inter-State Business Men's Accident Ass'n,* 210 Mich. 327; *Hassberger* v. *General Builders' Supply Co.,* 213 Mich. 489." *Billings-ley* v. *Gulick,* 256 Mich. 606 (79 A. L. R. 166).

This rule is generally recognized. Bigelow on Estoppel (6th Ed.), p. 633; *Wetmore* v. *McDougall,* 32 Mich. 276; *Henry* v. *Quackenbush,* 48 Mich. 415; *Bassett* v. *Shepardson,* 57 Mich. 428. Judicial admissions made in one trial in order to be binding upon a second trial must have been intelligently made as a fact, and not merely to expedite the particular proceeding, and must have been deliberately and not inadvertently made. The record shows the admission in relation to the four houses was made on a former trial. Defendant insists this particular point is *res judicata.* Plaintiff says the first case was brought about four years ago and upon the trial thereof counsel for defendant stated they had checked up and the four houses had been settled for and plaintiff proceeded on that assumption in the first case in making the admission. On the second trial plaintiff discovered the admission was inadvertently made and but one house was settled for.

"A judicial admission made intelligently and with deliberation establishes the fact with reference to which it is made, and the jury must accept it as so established." *Connor* v. *Railway Co.,* 168 Mich. 29.

The court quoted with approval from Greenleaf on Evidence (16th Ed.), § 186:

"To this end, they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the for-

mal proof of some fact at the trial; in such cases, they are in general conclusive, and may be given in evidence, even upon a new trial," and cited 2 Chamberlayne on Evidence (1st Ed.), § 1232 *et seq.*; 4 Wigmore on Evidence (1st Ed.), § 2588 *et seq.*, and other authorities.

The court was not in error in holding upon a retrial of the case, after reversal, the parties had a right to go into all the facts and this admission was not conclusive.

(6) Defendant assigns error upon the failure of the trial court to give its request to charge:

"I further charge you that it is undisputed that the properties identified as lot 2, block 21; lot 6, block 27; and lot 7, block 27, were sold at a price which did not enable the defendant to realize a profit; and said properties not having been sold at a profit over and above the cost of construction, plus the stipulated lot prices, plaintiff is not, therefore, entitled to recover as a result of the sale of said properties."

The court did not give this request in relation to the three houses and lots above discussed. The court charged the jury it was the duty of defendant in selling these lots to sell them at the prices fixed by the parties and account to plaintiff on the basis of the selling price agreed upon, if it was agreed upon; if, on the other hand, Mr. Bolles and plaintiff did not agree on the selling prices of these lots, failure would not deprive defendant of the right to sell the lots, but it would be the duty of the defendant to sell them, in the absence of any express agreement, at not less than the fair market value thereof. We find no error in this charge.

Defendant contends the court was in error in charging upon the measure of damages. The trial court charged, it was the duty of defendant under

the circumstances to sell the properties at the prices fixed by Bolles and Mitchell and if such prices were not fixed to sell them at not less than their fair market value. He charged that if defendant sold the properties for less than the fair market value, then, such loss of the difference between the fair market value and the selling price, in case they were sold for less than they should have been sold for, resulting in a loss to defendant, was not binding upon plaintiff, who was to be compensated upon the basis of one-half the difference between the cost of the properties and the fair market value thereof, and not on the basis of one-half the difference between the cost and the depreciated selling price at which they might have been sold by defendant.

(7) Defendant assigns error upon the failure of the court to charge the jury as follows:

"I charge you that before the plaintiff shall be entitled to recover a verdict in this case, he must establish by a preponderance of the evidence that in the exchange of the properties in question the defendant realized an actual profit over and above the contract cost of the houses, which cost includes the contract price of the lots and the cost of construction."

The charge was properly refused. The determination of the amount of damages was governed not by what defendant received, but by what defendant ought to have received, the fair market value of the premises, and the fair market value of the premises less the cost, equaled the profits which were to be divided between the joint adventurers on the basis of contract.

(8) It is contended the trial court erred in admitting in evidence the Florida statutes under which interest at eight per cent. was recoverable. The only mention of interest in plaintiff's declaration is at

the conclusion of the first count the language "to plaintiff's damage $5,000 with interest to date of trial at eight per cent." No recovery was had upon this count of the declaration. Recovery was had upon the basis of the common counts. While the declaration in the first count claims interest to date of trial at eight per cent. the general rule is stated in 33 C. J. p. 258 that:

"In order to support the recovery of interest according to the law of another State, such law must be specifically averred and proved. Proof at the trial in the absence of such averment is insufficient."

The common law of any other State of the United States may be proved as a fact by parol evidence and the books of reports of cases adjudged in their courts may be admitted as evidence of such law. 3 Comp. Laws 1929, § 14181. Printed copies of the Constitution and laws of any other of the United States purporting to be published under the authority of the State government or if commonly admitted and used as evidence in their courts may be admitted in all courts of this State as *prima facie* evidence thereof. 3 Comp. Laws 1929, § 14179. The courts of this State may take judicial notice of the common law of other States of the United States, 3 Comp. Laws 1929, § 14181, and of the statutory law of such foreign States without the formal introduction in evidence of the printed copies thereof. 3 Comp. Laws 1929, § 14179. The proof of the rate of interest in Florida was introduced in a proper manner.

The important question is whether in rendering a verdict in this State the jury should have been directed to consider the evidence of the rate of interest in Florida rather than the rate of interest in this

State. The contract in question was a Florida contract made and entered into in Florida. It concerned Florida property. It contemplated performance in Florida, and a settlement and division of profits in that State. The basis of plaintiff's recovery is the failure of defendant to account and pay over to plaintiff his part of the profits which the law implies a contract to do.

The question of interest is purely statutory. *Kermott* v. *Ayer,* 11 Mich. 181; *Tousey* v. *Moore,* 79 Mich. 564. Though interest is generally a matter of contract, the written contracts here involved do not provide for interest. "It is a question of damages not of positive agreement." *O'Connor* v. *Beckwith,* 41 Mich. 657. "No implied contract can grow up under which interest can be recovered." *Regents of the University of Michigan* v. *Rose,* 45 Mich. 284, 300. "After default interest is strictly allowable only as damages." *Mason* v. *Callender,* 2 Minn. 350 (72 Am. Dec. 102). *Hubbard* v. *Callahan,* 42 Conn. 524 (19 Am. Rep. 564), for lost use. *Boyce* v. *Boyce,* 124 Mich. 696. "Failure to pay money promised when by law it ought to be paid, authorizes the allowance of interest in the nature of damages for the improper detention of the sum so promised." *McCreery* v. *Green, supra,* 185. "Interest is allowed where money is withheld, either upon the ground of a promise, express or implied, to pay interest or as damages for default in retaining money due and owing another. But upon whatever ground it may be placed, in the absence of an express promise, until the principal becomes due, no promise to pay interest can be implied, or be awarded as damages." *Lake Shore & Michigan Southern R. Co.* v. *People,* 46 Mich. 193.

There is no doubt the contract was made in Florida and contemplated performance in Florida, but suit

was brought in Michigan, and the remedy available was the remedy afforded by the laws of Michigan.

Plaintiff relies upon 5 R. C. L. p. 986, § 67, which declares the weight of authority sustains the rule that the measure of damages is a matter of substantive right rather than of remedy. This rule was expressly repudiated in *Walton School of Commerce* v. *Stroud,* 248 Mich. 85, which holds (quoting syllabus): "In action in this State on foreign contract, remedy available to plaintiff is the remedy afforded by the laws of Michigan." 5 R. C. L. p. 986, § 67, also states: "As to interest which is not contractual, but is allowed by way of damages, or as some of the courts term it, interest *ex mora,* there is a decided conflict of authority, many cases holding that the *lex fori* should govern," citing note, 56 L. R. A. 303. Interest is not here allowed under contract stipulating therefor but by way of damages. Where interest is allowed, not under contract but by way of damages, the rate must be according to the *lex fori. Goddard* v. *Foster,* 17 Wall. (84 U. S.) 123. Where "the only claim for interest is because of the delay for payment after the principal is due, it is now generally agreed that the interest is to be computed according to the law of the place where the judgment is recovered and not according to that of the place where the contract was made." Story, Conflict of Laws (7th Ed.), § 296a.

In *Federal Surety Co.* v. *A. Bentley & Sons Co.* (C. C. A.), 51 Fed. (2d), 24 (78 A. L. R. 1041), it is said:

"We think the prevailing rule is, however, that where interest is not specified in the contract, but is awarded merely as damages for the breach thereof, the rate of interest is to be computed according to

the law of the State where the court rendering judgment is located.''

It is clear the interest here involved is recoverable by way of damages, for refusal to pay over money claimed to be rightfully due plaintiff,—for unlawful detention. It is not based on contract providing therefor. The measure of damages therefor is in this State governed by its law. We think plaintiff should have been limited to the recovery of interest at the legal rate in Michigan.

(9) We find no error in the court receiving plaintiff's exhibit 1 in evidence nor in the examination of the witnesses in relation thereto.

(10) Error is alleged upon the argument of counsel for plaintiff. We think the argument was fairly within the range of the testimony and no reversible error was committed.

The judgment will be reversed and the cause remanded, with directions to enter judgment for plaintiff on the basis of including interest at five per cent. instead of at eight per cent. Defendant will recover costs of this court.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.