### John W. Kermott and others v. James C. Ayer and another.

The courts of Michigan can not take judicial notice of the value of Canada currency, or the rate of Canadian interest.

It is not a presumption of law that the rate of interest in a foreign country is the same as that established by statute in Michigan.

The relative value of foreign and American currency is a question of commercial usage, and may be proved by any one acquainted with the usage.

Foreign statutes can not be proved by parol without some showing why secondary evidence becomes necessary. And statutes regulating the rates of interest are no exception to this general rule.

It was assigned as error that the Circuit Court allowed parol evidence of the rate of interest in a foreign country. It did not appear by the record that the rate was established by statute, and this Court, on the ground that all presumptions must be in favor of the judgment, and error be affirmatively shown, affirmed the judgment.

*Submitted on briefs January 9th. Decided January 13th.*

Error to Wayne Circuit.

The defendants in error brought suit in the Court below to recover the amount of two promissory notes, upon one of

which no question arises. The other was for £190 9s. 11d., given and made payable in Canada West, and due·in August 1856. On the trial, after the giving of the notes had been proved, T. W. Lockwood was sworn as a witness for the plaintiffs, and testified that he had had several business transactions with attorneys and bankers in Canada, and in that way had had occasion to learn the value of Canada and Halifax currency in common· use there, as compared with our own, and that one pound was equivalent to four dollars, and five shillings was a dollar. This evidence was objected to, but the Circuit Judge admitted it, and, remarked that the value of a pound in Halifax currency was historically well known and established, and in common use in Canada West, to be of the·.value of four dollars legal currency of the United States; and that in the same way the legal interest established by law and common usage in Canada West was known to be six per centum per annum. It was then admitted by the defendants that an attorney residing in Canada West would, if produced, testify that the legal rate of interest in Canada was six per cent., and that if this evidence was deemed admissible, it should be considered as having been produced. But it was objected to on the ground that the statute of Canada regulating the rate of interest in that province should be produced. The objection was overruled.

The foregoing was all the evidence on these questions.

*D. J. Davidson*, for plaintiff in error, argued that Lockwood's evidence was incompetent, because he was not shown to be an expert; and that parol evidence of the rate of interest was also incompetent: — 20 *Ill.* 201; 3 *Fost.* 496; 5 *Mich.* 349. It sufficiently appeared that the rate of interest was fixed by statute. "According to the laws thereof" must be interpreted to mean the statute laws. But the Court in the absence of any showing to the contrary was bound to presume that the rate was fixed by statute. It is

KERMOTT v. AYER.

a commercial regulation, and in its nature an appropriate sub-
ject of statutory enactment : — 2 *Wash. C. C.* 1; *Ibid.* 175.
Interest is not allowed by the common law.

What the Circuit Judge designed to be understood by
"historical knowledge" is not clear. Historical knowledge
can hardly inform us of the present value of the pound.
But if he meant that in the absence of all evidence on the
subject, the Judge might act upon his own knowledge,
he was clearly in error.

*T. W. Lockwood,* for defendants in error, referred to
the statute of the United States — 9 *Stat. at Large,* 14;
*Brightly,* 156—which fixes the custom house value of the
Canada pound at four dollars. But its value was a mere
matter of ordinary business knowledge, which any one deal-
ing with the province may prove. The rate of interest is
not shown to be fixed by statute. But it was incumbent
on the party claiming that it differed from our own, to
establish that fact by evidence, or it will be presumed to
be the same : — *Leavenworth v. Brockway,* 2 *Hill,* 201;
*State v. Rood,* 12 *Vt.* 396; *Crane v. Hardy,* 1 *Mich.* 63;
*Jones v. Palmer,* 1 *Doug, Mich.* 380; *Rue High's case,* 2
*Doug. Mich.* 519. Besides, the rate of interest like the
value of currency is a matter of commercial regulation,
and may be proved in the same way.

CAMPBELL J.:

In this case the errors complained of are alleged to
have arisen in regard to proof of the value of Canada cur-
rency, and the rate of Canadian interest. The remarks
made by the Judge on the trial that these are such matters
of historical knowledge as to be judicially known, are not,
we think, legally correct. These are provable facts unless
recognized by our own laws, and a judge's knowledge of
facts will not dispense with proof. The decision must be
made upon the evidence. Had the decision in the case

before us been based upon the historical knowledge referred to, we think the error would have been fatal. And the same remark will apply in regard to the presumption of foreign law being the same as our own. Interest in Michigan is purely statutory, and we think no presumption can exist that any country has adopted our local statutes. But the judgment is not rendered on that hypothesis, and the question therefore can not be regarded as having prejudiced the case.

The questions to be decided are therefore confined to those arising on the admission of Lockwood's evidence, and that of the Canadian attorney.

Lockwood was allowed to testify that a pound in Canada currency was equivalent to four dollars in American. This being a question of mercantile usage, was open to proof in that way. We think his testimony showed sufficient acquaintance with that usage, and was admissible.

The evidence of the attorney from Canada concerning the Canadian law of interest could not properly be received to show the terms of a Canadian statute. Foreign statutes can not be proved by parol, without some showing why secondary evidence becomes necessary. This doctrine has been recognized by this Court in *People v. Lambert*, 5 *Mich.* 349, and is the settled American doctrine: —1 *Greenl. Ev.* §§ 587–8. The rate of interest is a matter of such common notoriety that there might be reason for excepting it from this general rule, and there is no doubt that in many cases it has been proved by parol without objection. But there would be danger in allowing such an exception as an arbitrary one, and the mistakes made in works current among business men on the rates of interest in different States show that business knowledge of statutory provisions is not always reliable. We have been in some doubt whether, for this reason, there was not error in admitting the evidence objected to. But it does not appear that Canadian interest is regulated by statute; and we are

not justified in making any inference not required by the facts set out, in order to establish error. The presumptions must always be in favor of the judgment. It is therefore affirmed, with costs.

The other Justices concurred.