## William Davis v. William J. Walker.

*Interest upon unsettled demands.* Where parties account together concerning their mutual demands, and find that one owes the other a certain sum, but it appears that considerable items which are counter claims are not brought into the account, such accounting is not such a final accounting as will authorize interest to be charged on the sum so found to be owing.

*Heard January 8th. Decided January 11th.*

Error to Clinton Circuit.

This was an action of assumpsit brought on book account in a Justice's Court.

The case was appealed to the Circuit Court, where the matter in issue was referred to a referee, who found for the plaintiff below; allowing him interest on certain items of account.

The report was excepted to by defendant. Some of the exceptions were sustained, and judgment was rendered in favor of plaintiff for a reduced amount.

The only question involved is as to the allowance of interest.

*Spaulding & Cranson,* for plaintiff in error.

The plaintiff's account having been rendered and assented to by the defendant, a time was fixed from which he admitted that he was indebted and ought to pay. Having neglected payment, the plaintiff is entitled to interest as a penalty or damages for non-payment.— 7 *Wend. 113, 446; 2 N. Y. 135; 11 N. Y. 102; 3 Caines 234; 12 Johns. 156; 15 Id. 424; 3 Cow. 400; 4 Id. 496.*

If the defendant has a counter claim, he may tender it in payment and stop interest to that extent; in other words, he may use it as so much money in payment of his indebtedness.

But if wrong in this position, plaintiff is certainly entitled to interest on $79.45, (the judgment rendered by the

17 MICH.—c.

court), from commencement of suit, which is a legal demand.—*3 Cow. 434; 11 Wend. 486; 11 N. Y. 102; 12 N. H. 474; 4 E. D. Smith, 18.*

*Walbridge & Selden,* for defendant in error.

Interest may be allowed upon a demand in favor of A. against B. when the amount can be computed or ascertained by reference to well known market values; and very properly. Such a rule is clearly based upon the principle that B. is presumed to know the amount of his indebtedness, and, therefore, has no legal excuse for witholding payment. *20 N. Y. 463.*

The accounts of the parties were never liquidated. A balance in favor of either party was never determined, until the referee determined the same upon the legal proof.

Their said partial accounting was no liquidation of their accounts. It failed to determine the balance between them. *3 Cow. 393.*

When parties have mutual dealings, as in this case, and when a balance may be shifting in favor of one party to the other, and varying in amount from day to day, the Courts have never allowed interest, unless upon an express contract to that effect, and until their demands have been liquidated and a balance determined, or unless for cash advances. *24 Ill. 133; 3 Cow. 393; 2 Wend. 501; 17 Barb. 456; 4 Id. 36; 20 N. Y. 463; 8 Vt. 258; 1 Johns. 315; 6 Id. 45; 15 Id. 425; 8 Vt. 258; 3 Mich. 560.*

COOLEY C. J.:

The only question in this case relates to a small item of interest claimed to be due the plaintiff from the defendant, and which the Circuit Judge disallowed.

It appears that prior to November, 1865, there had been a running account between the parties, and that on the 24th or 25th of that month they accounted together as to most

of the items thereof, and found due to the plaintiff $216.50. But items due defendant, amounting to $83.05, were not considered at that time, and further accounts accrued in favor of both parties up to September, 1866. The interest is claimed on the amount due plaintiff at the time of the accounting in September, 1865.

It is clear, we think, that this accounting was in no sense a final one, and that therefore no balance can be considered as struck upon which interest would run in the absence of any special agreement to that effect. The account was still an open and mutual account, notwithstanding the major part of the items were agreed upon; and the Circuit Judge was therefore correct in denying interest.

The judgment must be affirmed with costs.

The other Justices concurred.