# Abstracts of Decisions of the Supreme Court rendered at the July Term, 1871.

---

## BURCHARD *vs.* FRAZER.

B. as the agent of his wife, contracted to sell a tract of land, representing the same to contain 514 68-100 acres, to F, knowing there was not so many acres in the tract, for a certain sum per acre. The deed did not contain a warranty of quantity. F gave a mortgage to secure a part of the purchase money. B subsequently became the assignee of the mortgagee.—In an action to foreclose the mortgage, *Held,* That B be treated as vendor and mortgagee, and that the mortgagor may have deducted from the mortgage a proportionate amount on account of the deficiency in the land.

Whether a note given for accrued interest on an obligation secured by mortgage is to operate as payment so as to detach the amount of such note from the lien of the mortgage, discussed, and, in this case, *Held,* That the lien as to the amount of such note was discharged.

Where a mortgage debt matures, and the mortgagor in consideration of the forbearance of the mortgagee to foreclose, agrees to pay a higher rate of interest than was first stipulated, *Held,* That the mortgage is as between mortgagor and mortgagee a lien to secure payment of such additional rate of interest.

Error to Wayne Circuit.

*Opinion by Christiancy, J.*—The first question in this case is whether Frazer, the mortgagor, and the other defendants who are purchasers from him are entitled to the deduction of $680 for the deficiency of twenty acres of land at $30 per acre.

*Held,* That the complainant acting as the agent of his wife who owned the land, in making the sale to Frazer, and in taking the mortgage for the balance of the purchase price, and having since become the assignee of the mortgage, may, as far as related to this question, be treated directly as vendor and mortgagee. The sale was a sale by the acre very clearly. The proposition to sell was as follows, viz:

"514 68-100. I propose to sell James H. Frazer, my land in the town of Dearbon, 514 68-100 acres, together with the house thereon, for the sum of $30 for each acre of land, and $50 for the

house thereon, $4,000 to be paid on the delivery of the deed, the balance to be secured by mortgage on the same land, sold with a stipulation that the timber shall not be cut off only in just proportion.to the payments made in one, two and three years, with interest annually, one-third of the balance each year, and pay for one-half the ex pense of writings."

The deed as drawn up did not contain a warranty of quantity, but it appears that the price paid was exactly in accordance with the proposition, $30 per acre for 514 68-100 acres, and $50 for the house, and that complainant knew when the deed was given and mortgage taken that the tract contained only 494 68-100 acres, leaving a deficiency of 20 acres, and that he had in his possession the minutes of the survey which showed this deficiency, and that he also knew that from his representations to Frazer the latter supposed he was getting the whole quantity—514 68-100 acres. The deed was surreptitiously altered by adding "more or less" after the description of the land before execution.

*Held*, That complainant in thus misrepresenting the quantity, and in making the sale to Frazer for a price corresponding to the larger quantity, was guilty of a deliberate fraud. Frazer, on discovering the deed might have sustained a bill for reforming the deed or for a deduction from the purchase price. He is equally entitled to the deduction in this suit for the foreclosure of the mortgage.

The next question is whether Frazer's note of December 15, 1866, given to Jas. F. Joy, who then held the bond and mortgage as trustee for Mrs. Burchard, for $1,497 62, the amount of interest then due and in arrear, operated as payment so far as the mortgage was concerned.

*Held*, That the mere giving of a note for accrued interest, without anything more to show the intent of the parties, might not have this effect; but the bond and mortgage were drawing interest only at seven per cent, and the interest itself though due, was not drawing interest, as the claim then stood. The note was drawn with interest at ten per cent. Two important advantages, therefore, were secured to the creditor by taking the note—advantages which might well be supposed to outweigh the value of the mortgage lien for the same sum without interest, and the note created a new obligation on the part of the debtor, quite different from that secured by the bond

and mortgage. The course of action of the creditor shows the intention to detach this amount from the lien of the mortgage, and to treat the note as payment. In December, 1868, he took a new note of Frazer for the interest accrued upon this note, and receipted that amount upon the larger note, and a judgment has since been recovered on the smaller note, though the amount is still unpaid. May 5th, 1869, Frazer entered into a written agreement to pay ten per cent on all the balance due on the bond and mortgage from December 15th, 1857, when the whole became due. The agreement states, " the amount to be ascertained to-morrow," and the accounts of all the payments and calculation of interest in pursuance of the agreement showing the amount due May 5th, 1869, as furnished in writing to Frazer, credits this note as payment, thus : " Payment, December 15th, 1866. Frazer's note. $1,497 62," and the balance is made out on this basis, precisely as if the amount had been paid in cash. There is no reason to doubt that this note was intended to operate as payment, or to detach and relieve that amount from the lien of the mortgage.

The only remaining question is upon the validity and effect of the special agreement made by Frazer with Joy, on May 5th, 1869, to pay ten per cent interest from December 15th, 1867, when the whole sum not paid had become due upon the bond and mortgage. This agreement shows that there had been forbearance before its date, which was sufficient consideration for the agreement to pay the additional interest up to that date, and any forbearance which took place thereafter on the faith of that agreement was sufficient consideration for the promise to pay ten per cent interest till paid. This agreement was in terms attached to the debt secured by the mortgage.

*Held,* That as between the mortgagor and mortgagee, or holders of the papers, the agreement was valid, and should have the same effect as between them as if the original bond and mortgage had provided for ten per cent interest after December 15th, 1867, till paid

But when this agreement was made, and before maturity of the mortgage debt, Frazer had sold all the land covered by the mortgage, in separate parcels to various parties, some of whom are defendants in this case.

*Held,* That, as to these purchasers it was no more competent for

Frazer to increase the mortgage debt or amount of the incumbrance by any such agreement than it would have been to affect them by an additional mortgage subsequently executed for the increased sum.— He could only bind himself personally that the interest on the mortgage debt should be thus computed, and the complainant as against him personally is entitled to a decree at the increased rate of interest. But as far as relates to the lien of the mortgage upon the land, all of which has been sold to other parties, complainant is only entitled to a decree for the amount at seven per cent interest, as if the agreement had never been made.

The decree as to defendant Frazer should be modified so as to allow the recovery against him of any balance of the mortgage debt, calculating the amount at ten per cent interest, according to the terms of the agreement and in other respects affirmed, and the record sent back to the court below for the execution of the decree— complainant to recover costs in this Court as against Frazer, but the other defendants recover their costs of appeal against complainant.

---

## SMITH *et. al. vs.* WEBSTER *et. al.*

Liability of principal for trespass of agent or servant. Relation of master and servant.

Error to Jackson Circuit.

*Opinion by* CAMPBELL, C. J.—Plaintiffs sued defendants for trespass for the destruction of trees upon their lands. The alleged trespass was not committed by the defendants themselves, but by others in their employ who were engaged in cutting trees and gathering bark for defendants on their own lands, and went on plaintiff's lands, as they claim by mistake.

The Circuit Court held that there was no liability in this action, unless the trespass was committed by the actual direction of defendants, or was ratified by their assent, or appropriation of the property, with knowledge of the trespass. And the Court refused to charge that any wrongful act or negligence of the defendants whatever could subject them to this action.

It was claimed on the argument that the persons doing the