53 421
99 585

### EDWARD SWEENEY v. BENJAMIN NEELY.

*Partnership accounting—Interest.*

1. On appeal from a decree for an accounting the appellant's objections only will be considered.

2. Any reasonable expense incurred by either member of a firm, with or without the consent of the rest, in the legitimate prosecution of the partnership business, and for the benefit of the parties, should be allowed upon a partnership accounting. So *held* of the expense of exploring premises leased to the firm for mining.

3. Interest does not run on an unsettled or unliquidated account unless there is an express or clearly implied agreement that it shall do so.

4. Interest is not allowed in a partnership accounting upon moneys owing between the firm and either of the partners, or between each other, in partnership transactions before dissolution, unless by virtue of some understanding or usage, or some equity implying an agreement to pay it.

Appeal from Marquette. (Grant, J.) Feb. 5—April 23.

ACCOUNTING. Complainant appeals. Decree modified.

*Ball & Hanscom* and *C. P. Black*, for complainant, cited as to allowance of interest : *Gyger's Appeal* 62 Penn. St. 73 ; *Buckingham v. Ludlum* 29 N. J. Eq. 345 : *Derby v. Gage* 38 Ill. 27 ; *Scroggs v. Cunningham* 81 Ill. 110 ; 2 Lindl. Part. 788–9.

*F. O. Clark* for defendant. Partners are agents for doing firm business, and if they incur expense therein are entitled to be allowed it upon an accounting : *Burgan v. Lyell* 2 Mich. 102 ; *Moran v. Palmer* 13 Mich. 367 ; *Hotchin v. Kent* 8 Mich. 526 ; interest is not allowable on a claim by a partner until balances are ascertained and settled as between them and the firm dissolved ; Pars. Partnership (3d ed.) 229, 786 : *Lee v. Lashbrooke* 8 Dana 214 ; *Moon v. Story* id. 233 ; *Day v. Lockwood* 24 Conn. 185 ; *Desha & Sheppard v. Smith* 20 Ala. 747 ; *Whitcomb v. Converse* 119 Mass. 38 ; *Dinham v. Bradford* L. R. 5 Ch. App. 519 ; *Gilman v. Vaughan* 44 Wis. 646.

SHERWOOD, J. Bill for dissolving partnership and for an accounting. The parties were partners engaged for a time in exploring for and mining ore upon leased land in which they had the exclusive right for fifteen years. They entered upon said land, known as Hematite mine, and carried on their mining business from May 1, 1879, until June, 1880, during which period they mined and shipped away large quantities of ore. Complainant claims that subsequently they sold the mine. Defendant, however, denies this sale was made before suit brought. The partnership was to continue during the pleasure of the parties, and the profits to be shared equally between them. The defendant was to keep the accounts, and draw checks and drafts to pay the laborers. He kept no firm books showing the amount of the business done, but kept the accounts in his private books. He received the moneys and conducted the financial business of the company. These facts appear in the pleadings and by the proofs.

The complainant insists defendant has failed to make entries of all transactions on his books, and has mingled the accounts of the partnership transactions with his private

accounts, and converted some of the funds to his own use. This, defendant denies. Both parties filed accounts of the partnership business. The matter was referred to a commissioner, who reported a statement of account which showed a balance due the complainant of $984.22. The report was excepted to by both parties, the exceptions specifying the items each claimed should be allowed and disallowed. The circuit judge modified the findings of the commissioner and rendered a decree in favor of the complainant for the sum of $1240. The defendant appeals to this Court. The complainant did not appeal, and therefore only the defendant's objection can be considered.

A very careful examination of the testimony appears to have been given by the commissioner before whom it was taken, as well as by the circuit judge whose decree is appealed from. The complainant's account consists of 114 credit and two debit items, and that of the defendant of four credit and 142 debit items. The commissioner disallowed, in whole or in part, twelve debit items of the complainant, and his claim for interest. The defendant's exceptions extend to three items in his account which were presented, besides the interest claimed; also to the allowance of eighteen items, in whole or in part, of the complainant's account presented.

We have examined the testimony bearing upon each of these items, and the briefs of counsel relating thereto, and find no occasion for disturbing the decree of the circuit judge as to any items, except those relating to the $52 for exploring on the leased property disallowed, and the item of interest on amount due complainant, being $196. A part of the business of the parties was exploring the territory leased, and at the time the expenses claimed were incurred the partnership had not been dissolved, and until that time it was entirely proper for either party, with or without the consent of the other, to expend any reasonable amount which he might deem proper in the legitimate prosecution of the co-partnership business, and this item seems to have been reasonable in amount. There is no pretense that what was done was not within the scope of the ordinary business of the firm;

neither was it without benefit to the parties. We think the evidence shows it helped to sell the firm's interest in the property.

Interest can never be allowed on an unsettled or an unliquidated account without an agreement, express or clearly implied, and the case must be a very strong one when it is between partners to warrant its allowance without express agreement to that effect. We have been unable to find any understanding or agreement, either express or implied, by which either party was to be allowed interest for moneys owing to the firm from either, or from the firm to either, or from one to the other, in the conduct and management of the copartnership business, before dissolution and final settlement; and in that case, until that time, neither is chargeable with interest on money he owes to the other or to the firm, arising out of the business transactions of the company. (No usage is shown between these parties upon the subject of interest.) Colly. Partn. §§ 337, 338; Pars. Partn. (3d ed.) 229, note *f;* Lindl. Partn. 786, and notes; *Dexter v. Arnold* 3 Mason 284, 289; *Gilman v. Vaughan* 44 Wis. 646; *Day v. Lockwood* 24 Conn. 185. We do not mean to be understood that there may not be equities existing between the partners and equitable circumstances existing before final settlement which would raise an implied agreement to pay interest (*Beacham v. Eckford* 2 Sandf. Ch. 116); but we do not find them upon the record in this case.

There must be deducted from the decree these two items, amounting to the sum of $248, and, with this modification made, the decree of the circuit court will stand affirmed, with costs to defendant.

The other Justices concurred.