HENRY TOUSEY v. HENRY MOORE AND MINERVA MOORE.

*Interest—Verbal agreement for reduction of rate.*

A verbal agreement for a reduction of the rate of interest stipulated for in a written instrument is invalid. *Swift v. Barber,* 28 Mich. 505.

Appeal from Oakland. (Moore, J.) Argued January 31, 1890. Decided February 20, 1890.

Bill to foreclose a mortgage. Complainant appeals. Decree reversed, and one entered in this Court in accordance with opinion, in which the facts are stated.

*Edwin F. Conely*, for complainant.

*Edward J. Bissell*, for defendants.

CHAMPLIN, C. J. On March 14, 1877, Henry Moore borrowed of Henry Tousey $1,300, and gave him his promissory note, as follows:

"$1,300. PLYMOUTH, March 14, 1877.

"Three years from date, for value received, I promise to pay Henry Tousey or bearer thirteen hundred dollars, with interest annually at the rate of ten per cent. per annum. This note is collateral to a mortgage bearing date herewith, executed by me and my wife, Minerva Moore.

"HENRY MOORE."

This suit is brought to foreclose the mortgage.

The main question presented is this: Is a verbal agreement for a reduction of the rate of interest valid? Interest in Michigan is purely statutory. *Kermott v. Ayer*, 11 Mich. 184. The statute, at the time this contract was entered into, declared:

"The interest of money shall be at the rate of seven dollars upon one hundred dollars for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest not exceeding ten per cent. per annum." How. Stat. § 1594.

By section 1597 it is provided that on judgments upon written contracts the rate of interest shall be computed at the rate specified in the instrument, not exceeding 10 per cent. per annum; and in *Warner v. Juif*, 38 Mich. 662, this Court held that the same rate should be allowed as well after maturity of the principal as before, as is speci-

fied in the instrument, not exceeding 10 per cent. In *Burchard v. Frazer*, 23 Mich. 240, it was held that a written agreement to pay a higher rate, not exceeding 10 per cent., than that expressed in the obligation, in consideration of forbearance, was valid between the parties to the original agreement, or their representatives. In *Swift v. Barber*, 28 Mich. 505, it was said that—

"Conceding that it was competent for the parties, by mutual agreement, to change the rate to ten, that could only be done under the statute by a stipulation in writing," citing the above statute.

*Smith v. Graham*, 34 Mich. 302, was a case where the rate was changed by an instrument in writing, and it was held valid between the parties.

The object of the statute, requiring a rate different from that established as the legal rate to be evidenced by a written agreement, is to avoid ambiguity that would otherwise exist on the face of an instrument calling for interest, and mentioning no rate, and to conform to the rule rejecting parol explanation of writings. *Cameron v. Bank*, 37 Mich. 244. The policy of the statute is that the rate agreed upon shall be fixed by the instrument, and shall not be left to parol proof. To hold that the rate so fixed could be increased or reduced by parol testimony would open the door to fraud and extortion on one side, and temptation to perjury upon the other. The statute is based upon sound principles, and it is unnecessary to amplify upon the subject, as the point is settled by the case of *Swift v. Barber*, cited above.

In accordance with strict legal rights, the complainant would be entitled to a decree for the balance due upon the note and mortgage, with simple interest at 10 per cent. But the complainant expresses himself as willing to abide by any agreement he has made relative to a

reduction of interest, and asks for a decree accordingly, waiving his strict legal rights.

We are satisfied from the testimony that there was an agreement to extend the time for the payment of the principal at 8 per cent. interest, for three years, unless payment should be sooner demanded, upon Tousey's giving six months' notice; that afterwards it was agreed that the note should draw interest at 7 per cent. from March 14, 1882; and that no definite time was agreed upon when it should be paid, but that it should be paid when demanded by Tousey. This agreement was upon a sufficient consideration, the promises being mutual, and for the benefit of both parties. Under this arrangement, the note drew interest at 8 per cent. during two years, and 7 per cent. thereafter. The testimony is not so satisfactory as to whether the defendant promised to pay interest on annual interest past due. But weighing all the testimony, in view of the circumstances, we are satisfied that such was the agreement. The first payment of interest made in 1879 was computed in that way. It included two years' interest, and the interest on the interest which fell due March 14, 1878. It is not reasonable so suppose that Tousey would voluntarily reduce the rate of interest 2 per cent., and afterwards 1 per cent. more, and permit the interest to accumulate, unless it was the agreement that such past-due interest should draw interest. We think his testimony in this respect is entitled to the greater credit, and interest should be computed on past-due interest at the rate the principal bore until paid; not added to the interest and compounded, but each one year's interest reckoned from date of maturity to decree. The computation in complainant's brief appears to be in accordance with the views which we have taken of the testimony, and will be taken as the basis of the decree.

The decree of the circuit court is reversed, with costs

of both courts, and a decree will be entered here as above indicated, and the record remanded to the circuit court for further proceedings in the execution of the decree.

MORSE, CAMPBELL, and GRANT, JJ., concurred. LONG, J., did not sit.