LEWIS M. CUTCHEON ET AL. V. DANIEL E. CORBITT ET AL.

[See 79 Mich. 41; 88 Id. 594; 99 Id. 578.]

*Accounting—Appeal.*

1. On an appeal from a decree on an accounting, the appellant's objections only will be considered; citing *Ryan v. Brown*, 18 Mich. 212; *Bundy v. Youmans*, 44 Id. 376; *Sweeney v. Neely*, 53 Id. 421.

2. The only instance in which this rule is departed from is when a restating of the account requires that, because of such different method of computation, an apparent error should be corrected.

Motion for rehearing of case reported in 99 Mich. 578. Submitted May 4, 1894. Denied May 18, 1894. The facts are stated in the main opinion.

*Daniel E. Corbitt, in pro. per.,* for the motion.

*Byron M. Cutcheon, contra.*

PER CURIAM. A motion for a rehearing has been entered, based upon the claim that the Court misapprehended the findings of the circuit judge, and that, for this reason, certain charges against the defendant are duplicated in the accounting.

1. It is claimed that the circuit judge should not have added the items, cash in bank, $25; cash from Cutcheon, $254.46; and cash for team work, $46.50,—for the reason that the items were included in the commissioner's schedule, and it is apparently inferred by counsel that they were also included in the charge of $6,481.68, which appears in the circuit judge's findings, and upon the basis of which the accounting in this Court was decreed. The misapprehension is on the part of defendant's counsel. The item

of $6,481.68 was stated in the decretal order to be the amount received for lumber, shingles, wood, and slabs, and an examination of the commissioner's report shows that it was correctly so stated. The commissioner reports: Lumber sales, $5,536; wood and slabs, $342.68; shingles, $18; wood to Corbitt, $60; cash from Withey & Co. for lumber, $525,—making a total of $6,481.68. It is said that the items are duplicated in the schedule of property, but it is not plain how that is of any importance when the decree proceeds upon the theory that the defendant is to be charged only with the proceeds of the property and what he received in the administration of the estate.

2. It is further said that there was a mistake in the computation of the trial judge, in that he intended to deduct the amount of uncollectable debts from the amount of sales, which would leave $144 less than the amount stated by the circuit judge. It is sufficient to this to say that no exception was taken to the findings of the circuit judge by the defendant. It is the settled rule that, on an appeal from a decree on an accounting, the appellant's objections only will be considered. *Sweeney v. Neely,* 53 Mich. 421; *Bundy v. Youmans,* 44 Id. 376; *Ryan v. Brown,* 18 Id. 212. The only instance in which this is departed from is when a restating of the account requires that, because of such different method of computation, an apparent error should be corrected; but, as to the item in question, the circuit judge's finding, not having been excepted to, is conclusive.

3. It is stated that the Court was in error in stating that the defendant had been allowed, on account of lot 8, $1,245.40. The claim was made in complainants' brief, and the question was fully considered by the Court. It would appear from the testimony of Mr. John W. Holcomb that there was paid, on account of lot 8, $920. In addition to this, defendant was allowed, for taxes, $362.99, making

a sum considerably in excess of the amount stated to have been credited for payments on lot 8, which was $1,245.40. It is true, it is not altogether clear that all of these taxes were paid on lot 8, but the record shows that the contract upon lot 9 was surrendered by the defendant to the owners of the fee in December, 1883. The transfer to defendant Corbitt was made in the fall of 1882, so that, at most, only a single year's taxes were paid on lot 9, and no *data* are furnished to show the amount. The dates of the payment of the taxes show that at least $313.03 was paid after defendant had surrendered his claim to lot 9. By the former decree of this Court, the defendant was called upon to account, and it was his duty to possess the court of all the information in his possession upon the subject. The record is barren of any testimony by which we can separate the taxes upon lot 8 from taxes upon the other property, further than as above stated. We think the decree in this respect should not be disturbed.

On a careful examination of the case, we find no occasion to modify our opinion. As before stated, we cannot review the conclusions of the circuit judge to which there were no exceptions by the defendant.

The motion for a rehearing will be denied.