## HERRMANN et al. v. GLEASON.
### No. 9125.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1942.

Walter S. Foster, of Lansing, Mich. (Foster & Cameron, of Lansing, Mich., on the brief), for appellants.

Byron L. Ballard, of Lansing, Mich. (Shields, Ballard, Jennings & Taber, of Lansing, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON and Mc-ALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellants' premises were leased in 1919 for 99 years by the City National Bank of Lansing, Michigan. For the period ending April 1, 1927, a fixed rental was prescribed, payable quarterly in advance. The lease provided that for each ten year term thereafter, the rental should be agreed upon by the parties, and, in case of failure so to agree, it should be determined by referees. The parties agreed on rentals of $600 per month, payable quarterly in advance, for the period from April 1, 1927, to March 31, 1937, and these sums were accordingly paid during that time, by the City National Bank, until it was taken over by the Capital National Bank. Thereafter, a receiver was appointed for this bank, and the same rentals were paid by the receiver for three years after his appointment until the expiration of such ten year period.

Appellants and the receiver, however, were unable to agree on rentals for the new ten year period, beginning on April 1, 1937, and referees were appointed, in accordance with the lease provisions, to determine the rentals to be paid.

After the expiration of 20 months from the time of the last payment of the agreed rentals, the referees rendered an award, determining that the fair rental for the period beginning April 1, 1937, and ending March 31, 1947, "is $725.00 per month, payable quarterly in advance." The award was dated September 1, 1939.

On October 12, 1939, the receiver paid appellants a sum equivalent to the rentals up to and including that date, and for the ensuing quarter. Appellants demanded interest on the payments for the period of twenty months during which no rental had been paid, and, upon the receiver's refusal, brought suit therefor in the Circuit Court for Ingham County, State of Michigan, which was removed to the District Court, on the ground that it involved matters concerning the winding up of a national bank.

The District Court held that interest is allowable only when provided for by contract, express or implied; or by statute; or when, as damages, it becomes due after a default by the person liable to pay; that appellants had established no right to interest by express or implied contract; or by statute; and since the receiver could not be in default until the amount of rental was ascertained, interest could not be allowed prior to the award.

It is agreed that the determination of the issue in this case depends upon the application of the law as announced by the courts of Michigan, if precedents are available; and under these circumstances, we will consider the case accordingly, as our conclusions would not vary, whether the case be decided under Michigan authority, or not. As to the application of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, however, see D'Oench, Duhme & Co., Inc., v. Federal Deposit Insurance Corp., 62 S.Ct. 676, 86 L.Ed. ——, decided March 2, 1942. The contention of appellee is that interest can be recovered only as damages, based on wrongful detention, where there is no express or implied contract to pay interest; that one cannot be in default in the payment of a debt until the amount is ascertained; and that where the parties agree to submit the amount of the demand to the decision of others, interest cannot be recovered prior to the date of such decision.

Numerous cases are cited by both parties in their contentions that the law, as

expressed in the decisions of the courts of Michigan, sustain their claims, and it, therefore, becomes necessary to examine these various adjudications.

Mitchell v. Reolds Farms Co., 268 Mich. 301, 256 N.W. 445, is relied upon by both parties, but we find that that case is not of much assistance in the disposition of the issues before us, as, on the interest question, it merely decided that interest, in that case, was allowable by way of damages for unlawful detention of money, and not on the basis of contract; and that the measure of such damage, in a case brought in Michigan, was governed by the rate of interest provided under Michigan statutes. It may be observed, however, that it is perhaps deemed applicable because of the numerous citations of Michigan cases on the subject of the allowance of interest. These include Kermott v. Ayer, 11 Mich. 181, and Tousey v. Moore, 79 Mich. 564, 44 N.W. 958, to the effect that "the question of interest is purely statutory"; but these cases decided nothing more than that the legal rate of interest is prescribed by statute. Other cases therein cited are O'Connor v. Beckwith, 41 Mich. 657, 3 N.W. 166, 168, with the quoted statement that "it is a question of damages not of positive agreement," the only proposition therein decided being that a claimant against an estate, who had interfered with administration, was not allowed interest on his claim as damages for delay in payment; Regents of University of Michigan v. Rose, 45 Mich. 284, 4 N.W. 738, 5 N.W. 674, 7 N.W. 875, 881, to the effect that "no implied contract can thus grow up under which interest can be recovered"—a statement taken from its context and pertinent only in the holding of the court in which claims against the Board of Regents are considered subject to the rule applicable to the state or municipalities; Boyce v. Boyce, 124 Mich. 696, 83 N.W. 1013, that, in a bill for an accounting, under the circumstances of the case, it was just that a complainant receive interest.

Emphasis is placed upon Lake Shore & Michigan Southern R. R. v. People, 46 Mich. 193, 9 N.W. 249, 251, as supporting the contention of appellee that interest is not allowable in the controversy before us. In that case, a statute required corporations to be taxed at a certain rate upon their capital and upon loans. The Auditor General had merely computed the tax on the basis of reports made to him by the company. It was held that the state was not thereafter precluded from enforcing payment of the correct amount. The majority opinion held that interest could not be allowed in the case against the corporation on amounts that should have been paid as taxes, but which, at the time of the court's decision, had never been taxed, on the theory that the corporation would not be liable for interest on taxes which had never been levied. Reference is pointedly made to the minority opinion, in which it is said: "Interest is allowed where money is withheld, either upon the ground of a promise express or implied to pay interest or as damages for default in retaining money due and owing another. But upon whatever ground it may be placed, in the absence of an express promise until the principal becomes due, no promise to pay interest can be implied, or be awarded as damages." Under the circumstances, we deem it unnecessary to dwell upon the proposition above expressed.

Other authorities cited by appellee are distinguishable. In Coburn v. Muskegon Booming Co., 72 Mich. 134, 40 N.W. 198, it was held that a charge to a jury permitting an allowance of interest for expenses paid by a party, as an element of damages in a tort case, charging defendant with unlawfully obstructing a river and preventing free passage of logs which plaintiff had contracted to deliver, was not proper, since the damages claimed were unliquidated, and the existence of such claim for expenses could not be determined prior to verdict. The question was determined by a divided court, in which the minority held that unless the money expended by the plaintiff was compensated by interest, he could never be made good for his losses. The reasoning in the determination of the case is somewhat obscure, but it can be said that it is not applicable, in any event, to the issue before us; and it may be remarked that in Taylor v. Bay City St. Railway Co., 101 Mich. 140, 59 N.W. 447, the court observed that although the old rule was that interest could not be allowed on unliquidated damages, the tendency of the courts had been to set aside this rule, and, even in cases of injury to property, to allow interest upon the amount representing such damage, from its date; and this

is the rule that has been since followed. See, also, Coan v. Township of Brownstown, 126 Mich. 626, 86 N.W. 130, where interest was allowed on the value of property damaged by negligence, from the date of damage, as legal compensation for lost use.

Resuming consideration of the cases cited by appellee, in People ex rel. Reeder v. Wexford County Treasurer, 37 Mich. 351, the court held that it was very uncommon in administering the remedy of mandamus when municipal boards are the substantial litigants, to require the payment of interest unless some statute or contract relations points clearly to the justice of the allowance; in Davis v. Walker, 18 Mich. 25, it was ruled that in running accounts between parties, where there is no final accounting and no balance struck, the accounts are still open and mutual, and no interest is allowable on items of such accounts. In Nelson v. Stewart, 174 Mich. 127, 140 N.W. 544, a party who had charged his attorney with an unconscionable contract as to legal fees, thereafter entered into a contract of settlement with the attorney, and it was held that interest on money in the hands of the attorney, to be repaid to the client pursuant to the compromise, runs only from the date of the settlement. In Sweeney v. Neeley, 53 Mich. 421, 19 N.W. 127, it was held that interest can never be allowed on an unsettled or unliquidated account without an agreement, express or clearly implied. In the case, which was an accounting between partners, it was said that the proof must be strong, in such cases, to warrant interest allowance without express agreement to that effect.

Practically all of the authorities cited by appellants are to the effect that interest may be allowed on money illegally or improperly withheld, or property converted; but it cannot be said that appellee illegally or improperly withheld money to which appellants were entitled. It was provided by the contract between the parties, that referees would be appointed to fix the rent payable, and since there is no record of any improper delay caused by appellee, it could not be said that rentals were improperly retained, until it was decided what the rentals would be.

The foregoing cases do not persuade us to the conclusion that, according to the law as expressed by the courts of Michigan, the allowance of interest is confined to cases of wrongful detention of property or money, nor that it is denied on the ground that damages suffered, are unliquidated. At the same time our attention is not directed to any case of that jurisdiction, which holds that interest is allowable, in cases where the party sought to be charged therewith was guiltless of such wrongful nonpayment or detention, or some tortious conduct resulting in loss to a claimant. But we are of the opinion that it is not necessary for a claimant to rely upon tort or wrongful conduct in order that he recover interest, as, under the circumstances of this case, there is implied in law, an agreement to make such payment.

Appellants count upon indebitatus assumpsit. This action, while legal in form, is equitable to the core. Where one has in his hands money which, according to the rules of equity and good conscience, ought to be paid to another, assumpsit is the proper form of remedy; and if, at the time of commencement of action, a party holds money which, ex aequo et bono, he ought not to have retained from plaintiffs, they are entitled to recovery. Beardslee v. Horton, 3 Mich. 560. In Moore v. Mandlebaum, 8 Mich. 433, it was said: "We understand the law to be well settled, that the action of assumpsit for money had and received is essentially an equitable action, founded upon all the equitable circumstances of the case between the parties; and if it appear, from the whole case, that the defendant has in his hands money which, according to the rules of equity and good conscience, belongs, or ought to be paid, to the plaintiff, he is entitled to recover." A contract implied in law is quasi or constructive, and does not require a meeting of minds, but is imposed by fiction of law to enable justice to be accomplished, even where no contract was intended. Cascaden v. Magryta, 247 Mich. 267, 225 N.W. 511. "Assumpsit for money had and received is an equitable action to recover back money which the defendant in justice ought not to retain, and it may be said that it lies in most, if not all, cases where the defendant has moneys of the plaintiff which, ex equo et bono, he ought to refund." Nash v. Towne, 5 Wall. 689, 702, 72 U.S. 689, 18 L.Ed. 527. The action resembles a bill in equity and lies when money has been received by one person which, in justice and equity, belongs to another; and, in such a case, a promise

is implied because natural justice requires it in consequence of some benefit received. Osborn v. Bell, 5 Denio 370, 49 Am.Dec. 275. An action for money had and received, though brought at law, is in its nature a substitute for a suit in equity, and it is to be determined by the application of equitable principles. "In other words, the rights of the parties are to be determined as they would be upon a bill in equity." Myers v. Hurley Motor Co., 273 U.S. 18, 47 S.Ct. 277, 278, 71 L.Ed. 515, 50 A.L.R. 1181. Recovery in such an action is based on the law of quasi contracts, and is ordinarily permitted only when there has been an "unjust enrichment."

■■ The essential elements of a quasi contractual obligation, upon which a recovery may be had, are the receipt of a benefit by a defendant from a plaintiff, which benefit it is inequitable that the defendant retain. Ever since an action for money had and received has been maintainable, it has been employed as a remedy to prevent the unjust enrichment of one at the expense of another, or to prevent one from retaining a benefit conferred upon him by another which would be, under all of the circumstances of the case, unjust or inequitable. Richland County Bank v. Joint School Dist. No. 2, 213 Wis. 178, 250 N.W. 407. It is said that the action is equitable to the degree that it is based on a moral obligation to make restitution which rests upon a person who has received a benefit which, if retained by him, would result in inequity and injustice. Hummel v. Hummel, 133 Ohio St. 520, 14 N.E.2d 923. Under the doctrine of unjust enrichment, a defendant has something of value at the plaintiff's expense under circumstances which impose a legal duty of restitution. American University v. Forbes, 88 N.H. 17, 183 A. 860. See Wilson Cypress Co. v. Atlantic Coast Line R. Co., 5 Cir., 109 F.2d 623; Ames' Lectures on Legal History, pages 149-166; Holdsworth's History of English Law, Vol. 8, page 92 et seq.; Lawrence on Equity Jurisprudence, § 738. A person is enriched if he has received a benefit; and when he has been unjustly enriched at the expense of another, he is required to make restitution. See Restatement of the Law, Restitution, § 1.

■■ Applying the law to the facts in this case, appellee retained and used the premises for a period of 20 months, while arbitration proceedings were under way to establish an agreed fair rental therefor.

During this period, appellants were deprived of the receipt of rental, and appellee had the use of the premises, as well as the use of the money representing the fair rental value. When the referees determined such rental value, it expressly dated back to the beginning of the period during which the rentals had remained unpaid. Equity and fairness require that appellants have restitution, by way of interest, on the rentals unpaid during that period. Otherwise, appellee would receive the benefit of the value of the use of such money, to the disadvantage of appellants, and his retention thereof would result in inequity and unjust enrichment at their expense. It is our conclusion that appellants are entitled to the interest claimed. Other questions raised are not sufficiently pertinent to require discussion.

The judgment is reversed and the case remanded to the District Court for entry of judgment in accordance herewith.