TOWNSHIP OF ROYAL OAK *v.* CITY OF BERKLEY.

1. MUNICIPAL CORPORATIONS—ANNEXATION—PROPORTIONATE ASSUMP-
   TION OF LIABILITIES.

   When territory from a township is annexed to a city the liabili-
   ties of the township are to be assumed by the city in the
   same proportion as the assessed valuation of the taxable prop-
   erty in the territory annexed bears to the assessed valuation
   of the taxable property in the entire township from which
   such territory is taken (1 Comp. Laws 1929, § 2250, as amended
   by Act No. 233, Pub. Acts 1931).

2. SAME—INCORPORATION OUT OF TOWNSHIP TERRITORY—DIVISION OF
   PERSONAL PROPERTY.

   A city that was incorporated out of township territory after
   enactment of amendment of statute whereby personal prop-
   erty of the township from which the territory is taken is
   to be divided on the same proportion as the assessed valuation
   of the taxable property in territory annexed to a city bears
   to the assessed valuation of the taxable property in the entire
   township from which the territory is taken was entitled to
   division of the personal property on such basis (1 Comp. Laws
   1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

3. SAME—INCORPORATION OUT OF TOWNSHIP TERRITORY—PERSONAL
   PROPERTY—INTANGIBLES.

   The term "personal property," as used in statute pertaining
   to adjustment of assets and liabilities incident to incorpora-
   tion of city out of township territory, connotes intangible
   as well as tangible personal property and must include choses
   in action such as accounts receivable (1 Comp. Laws 1929,
   § 2250, as amended by Act No. 233, Pub. Acts 1931).

4. SAME—INCORPORATION OUT OF TOWNSHIP TERRITORY—UNCOL-
   LECTED ADVANCEMENTS TO SPECIAL ASSESSMENT DISTRICTS.

   Where a city is incorporated out of territory of a township
   which had advanced township general funds to special assess-
   ment districts for which repayment had not been made, while

the city is entitled to insist on reassessment, it is entitled to its *pro rata* share of the money when and as collected and is not entitled to be paid in full if the township neglects to reassess (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

5. SAME—INCORPORATION OUT OF TOWNSHIP TERRITORY—DIVISION OF PERSONAL PROPERTY—WORTHLESS DEBTS.

In the division of personal property when a city is incorporated out of a township which had advanced its general funds for payment of special assessment district obligations, to the extent that ·such advancements are worthless items owing to the township, the township cannot be required to include the same as an item of cash but city is entitled to its share only if and when same are collected by the township (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

6. SAME—ACCOUNTS RECEIVABLE—INTEREST.

Collections from taxpayers in special assessment districts of townships after incorporation of city out of township territory may be used by township toward payment of its *pro rata* share of its accounts receivable to city although collected as interest (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

7. SAME—ADVANCEMENTS FROM TOWNSHIP GENERAL FUND TO SPECIAL ASSESSMENT DISTRICTS—REPAYMENT AFTER INCORPORATION OF CITY—INTEREST.

A township which had made advancements from its general fund to special assessment district funds before part of its territory was incorporated as a city must account to the city for its *pro rata* share of all money thereafter received from special assessments or reassessments if and when collected until its account is paid in full without interest (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

8. SAME—REPAYMENT TO TOWNSHIP OF ADVANCEMENTS TO SPECIAL ASSESSMENT DISTRICTS—STIPULATIONS.

The right of a city to participate in collections made by a township from special assessment districts to which it had made advancements from township general fund after city was incorporated in township territory would not be foreclosed by stipulation filed wherein it was expressly asserted that the parties were not in agreement as to the city's right to such participation (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

9. SAME—TOWNSHIPS—ACCOUNTING—INTEREST ON ACCOUNTS RE-
CEIVABLE.

> A township which receives no interest on its accounts receivable
> may not be required to account for interest thereon to city
> incorporated out of township territory (1 Comp. Laws 1929,
> § 2250, as amended by Act No. 233, Pub. Acts 1931).

10. SAME—ACCOUNTING BY TOWNSHIP UPON INCORPORATION OF CITY
—INTEREST ON ACCOUNTS RECEIVABLE.

> Delinquent general taxes and· accounts receivable from other
> cities incorporated out of plaintiff township territory prior
> to defendant city's incorporation out of territory in same
> township, which were listed in stipulation filed in account-
> ing suit and charged against township for *pro rata* division,
> as assets, property on hand at time of defendant's incorpora-
> tion, were not items upon which city was entitled to interest
> since they were not charged as deferred accounts receivable
> (1 Comp. Laws 1929, § 2250, as amended by Act No. 233,
> Pub. Acts 1931).

11. SAME—ACCOUNTING BY TOWNSHIP—UNCOLLECTED TAXES—RES-
ERVATION IN STIPULATION.

> Under provision of stipulation filed in suit for accounting be-
> tween township and city incorporated out of its territory
> whereby there was reserved to city the right to claim participa-
> tion in certain uncollected taxes and money received from
> scavenger sales of real estate, the city would be entitled to
> participate in uncollected taxes from special assessments, re-
> assessments and scavenger sales so reserved, if and when col-
> lected, while the right to other taxes would be foreclosed by
> such stipulation (1 Comp. Laws 1929, § 2250, as amended by
> Act No. 233, Pub. Acts 1931).

12. SAME—INCORPORATION OF CITY OUT OF TOWNSHIP TERRITORY—
INTEREST.

> The statute governing the division of property between a town-
> ship and a city upon latter's incorporation out of township
> territory does not provide for interest on an amount found
> owing (1 Comp. Laws 1929, § 2250, as amended by Act No.
> 233, Pub. Acts 1931).

13. INTEREST—STATUTES.

> With certain exceptions and in the absence of contract express
> or implied, the right to interest in this State is statutory (2
> Comp. Laws 1929, § 9238 *et seq.*).

14. MUNICIPAL CORPORATIONS—INCORPORATION OF CITY OUT OF TOWN-
SHIP TERRITORY—DECREE—INTEREST.

> Since the amount of a city's claim against township out of
> whose territory city was incorporated is unliquidated and un-
> settled until final decree where the parties have resorted to
> the courts for settlement of differences and stipulation filed
> does not provide for interest, city to whom township is
> found to have owed a substantial amount as of time of in-
> corporation would not be entitled to interest from such time
> until entry of final decree but would be entitled to interest
> on the amount found due after date of entry of such decree
> (1 Comp. Laws 1929, § 2250, as amended by Act No. 233,
> Pub. Acts 1931; 2 Comp. Laws 1929, § 9238 *et seq.*).

15. INTEREST—CONTRACTS—DAMAGES—UNLIQUIDATED CLAIM.

> In the absence of agreement and except by way of damages for
> money withheld, interest does not run on an unliquidated
> claim.

16. APPEAL AND ERROR—REMAND OF CHANCERY CASE—STIPULATION—
ALTERATION OF ISSUES.

> Motion to remand case for taking additional testimony in suit
> for accounting between township and city incorporated out
> of township territory is denied where filed seven months after
> decree was entered in court below while appeal was pending
> in this court where case was tried below and decree entered
> on stipulation covering most of the matters involved and re-
> mand for such purpose would inject new issues or change the
> issues previously settled by the stipulation and the need for
> such action is not apparent.

17. COSTS—PUBLIC QUESTIONS—ACCOUNTING BETWEEN TOWNSHIP
AND CITY.

> No costs are awarded in suit for accounting between township
> and city incorporated out of township territory, where the
> questions involved are of a public nature (1 Comp. Laws
> 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 8, 1944. (Docket No. 27, Calendar
No. 42,724.) Decided October 11, 1944.

Bill by Township of Royal Oak against City of
Berkley for an accounting. Cross bill by defend-

ant against plaintiff for an accounting. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Glenn C. Gillespie, Carl A. Braun* and *Franklin E. Morris,* for plaintiff.

*J. Harold Steffes* and *Arthur E. Moore,* for defendant.

BOYLES, J. This is a bill in chancery filed by the township of Royal Oak against the city of Berkley for an accounting of their respective personal property rights arising from the incorporation of the city of Berkley out of an unincorporated part of the township. The city by answer denies any indebtedness and by cross bill also asks for an accounting. The case was heard on proofs regarding certain disputed issues, the facts being stipulated as to other issues, and decree was entered for a substantial amount in favor of the city. The city appeals, claiming the court erred as a matter of law in some of its computations and conclusions. After issue was joined most of the matters in controversy were settled by stipulation filed in the case as follows:

"It is hereby stipulated and agreed that on April 4, 1932, defendant, city of Berkley, was incorporated from a portion of the territory formerly included within plaintiff township, at which time the assessed valuation of the territory detached represented 17.72856 per cent. of the total assessed valuation of plaintiff township.

"It is further stipulated and agreed that the following statement of assets and liabilities of plaintiff township, prepared by defendant, sets forth the book value of the assets and liabilities of plaintiff township and is accepted by the parties hereto as the basis for a division of the assets and liabilities of plaintiff township, subject to such modifications as may be made thereto when the legal question hereinafter set forth shall have been decided by the court:

"Assets
"Cash on hand ....................................... $ 80,178.61
"Collections S. A. Rolls 1 to 3 inclusive and 21 ...... 826.96
"Accounts receivable county treasurer ................ 38,366.97
"Tax collections (general fund) .................... 156,150.26
"Accounts receivable—Ferndale ..................... 112,678.81
"Accounts receivable—Royal Oak ................... 20,122.64
"Accounts receivable—Pleasant Ridge ............... 9,138.44
"Physical assets .................................. 4,443.68
    "Total assets ............................... $421,906.37

"Liabilities
"Dog license account .............................. $ 1,115.15
"School taxes collected by township .................. 11,989.05
"State and county taxes ............................ 12,324.67

---

"Advances by county
    treasurer ............. $20,000.00
" (All types of taxes)
"Temporary loans ....... 140,000.00
" (Pledging all types of
    taxes and used in all
    different funds)
    "Total .......................... $160,000.00
"Cash expenditures over
    cash receipts special
    assessment districts ... 33,552.87
"Cash expenditures over
    cash receipts fire and
    road district funds .... 94,312.58
    "Total ......................... 127,865.45
"Net liability general fund only .................... 32,134.55

---

"Total liabilities ............................... $57,563.42
    "Total assets .................... $421,906.37
    "Total liabilities ................ 57,563.42
      "Net ....................... $364,342.95
"17.72856% of net—$64,592.75

"The parties hereto are not in agreement as to that portion of the foregoing statement as to 'liabilities,' included within the lines as above set forth, and it is mutually agreed that testimony thereon shall be presented by the respective parties and the court shall determine the questions presented as a matter of law.

"It is stipulated and agreed that testimony will be submitted by the respective parties concerning Berkley's right to participate in certain uncollected taxes and money received from the 'so-called' scavenger sales, together with testimony concerning the right of Berkley to receive interest on any amount which may be found to be owing to it.

"It is further stipulated and agreed that all questions concerning the liability of defendant, city of Berkley, on special assessment bonds issued by plaintiff township prior to the date of incorporation of said city, shall be reserved for further consideration of the court in another cause now pending, and, the decree to be entered herein shall provide that, if necessary, a supplemental decree shall be entered herein after the decision of said question."

The township produced testimony by a certified public accountant employed as its auditor continuously since 1935. The defendant produced the testimony of the accountant who had audited its books since 1932. Comprehensive audits were received as exhibits. Nothing of interest would be accomplished by including in this opinion the details of the extensive computations which appear in the record. The accounting was heard by the circuit judge on the proofs as narrowed down by the stipulation. The questions before us for decision concern the four items totaling $127,865.45 in that portion of the stipulation hereinbefore quoted appearing between the heavy lines. The accuracy of the other figures adduced is not in issue.

No serious question arises over the first two items in the disputed area of the stipulation. They represent money borrowed by the township and are a liability of the township for which the city must stand its proportionate share. The applicable part of the statute governing these items provides:

"The indebtedness and liabilities of every city, village and township, a part of which shall be annexed to a city shall be assumed by the city to which the same is annexed in the same proportion which the assessed valuation of the taxable property in the

territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township• from which ·such territory is taken.'' 1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 2250, Stat. Ann. § 5.2093).

The chief dispute arises over the last two items between the heavy lines of the stipulation covering claimed cash expenditures by the township over cash receipts from certain special assessment district funds. The computations in the stipulation were made by the city, and these two disputed items as they appear in the stipulation include money due to the township from the special assessment districts but which has never been received by the township because of the noncollection of special assessment taxes. The city's computation of these disputed items also includes money in bank in special assessment district accounts which has not been turned over to the township. The township claims that these items should not have been included in figuring the township property on hand, that they should not be included in computing the township's liability to the city unless and until they are collected. The court held with the township, that these moneys could not be charged against the township as cash on hand at the time the city was incorporated, because the township had not yet received them. The court further held—and the decree so provides—that the city should be entitled to its share of these moneys only if and when they were collected by the township. The city argues for reversal of this ruling.

While it is plain that these claims of the township against the special assessment districts are in a sense personal property of the township, the critical issue is whether the township must at this time be held to account for these items as cash, or may the

settlement be deferred until these items become cash instead of ''accounts receivable.'' This involves a construction of the applicable part of the statute governing the question. It provides:

''Whenever a new city shall be incorporated, the *personal property* of the township from which it is taken shall be divided and its liabilities assumed between such city and the portion of the township remaining after such incorporation, in the same ratio as herein provided in case of the annexation of a part of a township to a city.'' 1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 2250, Stat. Ann. § 5.2093).

Prior to this 1931 amendment the statute provided only for a division of the real estate. *Township of Springwells* v. *Wayne County Treasurer,* 58 Mich. 240; *City of Detroit* v. *Township of Redford,* 253 Mich. 453; *City of New Baltimore* v. *Chesterfield Township,* 292 Mich. 522. Berkley having been incorporated as a city in 1932, the above amendment applies and the city is entitled to a division of the personal property of the township in accord therewith. ''Personal property'' connotes intangible as well as tangible personal property and must include choses in action. The debts which the special assessment districts owed to the township in 1932 were intangible personal property of the township at the time of the Berkley incorporation. These ''accounts receivable'' by the township must be included in the division with the city. The critical question is whether these items must be accounted for as cash, or merely as accounts receivable, the accounting to be deferred until collected. Defendant city claims they should be figured in as cash belonging to the township, in 1932, mainly on the contention that the township has had plenty of time since then to compel

a reassessment of the special assessment district taxes. The circuit judge held that these "accounts receivable" were chargeable against the township only when and if collected, at which time the township would be held to account for a division with the city.

It is conceded that the township had advanced funds to both the road repair and fire department special assessment districts before defendant city was incorporated. The city claims that the township was "obligated" to reassess this deficiency in the special assessment districts and to "apply the next money collected" to the repayment of the moneys thus advanced. As to that, the question of the duty to reassess is not an issue in this case. In fact, counsel for the township concede that the city would "undoubtedly * * * have a right to mandamus or any other available remedy to compel the township to act." Counsel for the city contend: "that the deficiency caused by the advancements of township general funds to road repair local improvement districts was required by law to be reassessed subsequent to 1932, and that therefore Berkley is entitled to insist on such reassessment and to be reimbursed out of such collections, *or to be paid in full therefor if the township neglects to reassess.*"

It is conceded that the city is entitled to insist on such reassessment, and we concur with the holding of the lower court that the city is entitled to its *pro rata* share of the money when and as collected. We do not agree that the city is now entitled "to be paid in full * * * if the township neglects to reassess."

According to the record, some of these special assessment districts are no longer in existence, and a portion of the taxable property in other such districts has become the property of the State for non-

payment of taxes. Any money to be derived from a reassessment of these delinquent special assessments cannot at the present time be classed as cash of the township on hand for *pro rata* accounting to the city. To the extent that these items are ".bad debts," perhaps worthless items owing to the township, the township cannot be required to include the same in its present accounting. We agree with the trial court that the city is entitled to its share only if and when the same are collected by the township.

The appellant city claims it is entitled to interest on general tax collections, and on interest-bearing funds collectible by the township since the date of the city's incorporation. As we have said, the city is entitled to share *pro rata* in the collections, made by the township since the date of incorporation, from accounts receivable against the special assessment districts in the disputed area of the stipulation. Included in such money received by the township there doubtless will be interest or penalties collected by the assessment district from the taxpayers. This may be included as a part of the money received by the township as payment on its "account receivable," although collected by the district as interest. The township must be held to account to the city for its *pro rata* share of all the money received from special assessments or reassessments if and when collected until its account is paid in full. The right of the city to participate in the same, if and when collected, is not foreclosed by the stipulation. But this does not mean that the township receives *interest on its accounts receivable*. Nor does it mean that the township must account to the city for interest on its accounts receivable. If it receives none, it cannot be required to account for it. The city claims it is entitled to interest on accounts receivable by the township from delinquent general taxes, and from "ac-

counts receivable'' from Ferndale, Royal Oak and
Pleasant Ridge.  But these taxes and "accounts re-
ceivable" were listed in the stipulation and charged
against the township for *pro rata* division, as assets,
property on hand, in 1932.  They are not charged as
deferred accounts receivable and for that reason the
city is not entitled to claim interest received by the
township subsequent to 1932 on these items which
are outside of the disputed area in the stipulation.

The stipulation reserves to the city the right to
claim participation in certain uncollected taxes,
money received from scavenger sales of real estate,
and "interest on any amount which may be found to
be owing to it," as stated above.  The right of the
city to participate in uncollected taxes from special
assessments or reassessments covered in the dis-
puted area of the stipulation, but only if and when
collected, is upheld.  The right as to other taxes is
foreclosed by the stipulation.  The lower court held
that the city could participate in moneys received by
the township from scavenger sales for taxes due
prior to its incorporation, and this should have been
specifically provided for in the decree.

The city asks for interest on any amount which
may be found to be owing to it.  The statute referred
to, *supra*, governing the rights of these parties as to
division of property and assumption of liabilities,
does not support the city's claim of interest on the
amount found owing.  With certain exceptions (see
*Mitchell* v. *Reolds Farms Co.*, 268 Mich. 301) and in
the absence of contract express or implied, the right
to interest in this State is statutory.*  *Tousey* v.
*Moore*, 79 Mich. 564.  The equities of the case do not
require that the city be allowed interest from the
date of its incorporation on the amount found owing

---

* See 2 Comp. Laws 1929, § 9238 *et seq.*   (Stat. Ann. § 19.4 *et
seq.*).—REPORTER.

to it by the decree. Both parties may have been remiss in that they failed to bring these matters to an earlier conclusion but the fact remains that the city's claim is unliquidated and unsettled until final decree. In the absence of agreement and except by way of damages for money withheld, interest does not run on an unliquidated claim. *Sweeney* v. *Neely,* 53 Mich. 421. The city is not entitled to interest from the date of its incorporation on the amount found due, either under the stipulation or by contract express or implied. The city is entitled to interest on the amount found due it by the decree, but only from the date of final adjudication of the amount and final entry of decree.

About seven months after decree was entered in the court below, and while the appeal was pending in this court, appellant filed a motion here to remand for further testimony. This motion was denied without prejudice to our ordering a remand for further testimony if we found the need to appear. This motion is now renewed in the record before us. The effect of ordering a remand for the taking of such testimony would in large part be to set aside the stipulation on which the case was heard and decree entered, and to inject new issues into the case. We see no need for further testimony on the issues in the case, or to change the issues which have been settled between the parties by the stipulation filed.

The decree is modified to incorporate a provision as to division of receipts from scavenger sales in accordance herewith; otherwise it is affirmed. No costs are awarded, the questions involved being of a public nature.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.